## Combs v. Commonwealth.

(Decided September 28, 1916.)

## Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Sale of in Local Option Territory—Evidence.—In determining the purpose of the defendant in a case charging him with having intoxicating liquors in his possession for the purpose of selling them in local option territory in violaton of section 2557b of the Kentucky Statutes, the jury are not confined to his testimony alone,. but have a right to take into consideration all the facts and circumstances surrounding the transaction.

2. Intoxicating Liquors—When Entry in Book of Carrier Has No Application.—Subsection 3 of section 2569b of the Kentucky Statutes, which makes the entries upon the book of the common carrier of liquors into local option territory prima facie evidence of every fact shown by the book, has no application in the trial of an indictment under section 2557b of the Kentucky Statutes, for having whiskey in one's possession for the purpose of sale in local option territory.

3. Appeal and Error—New Trial.—Alleged misconduct upon the part of the trial judge which was not assigned as a ground for a new trial, cannot be reviewed upon appeal.

4. Intoxicating Liquors—Possession in Local Option Territory—Previous Conviction.—Upon the trial of an indictment under section 2557b of the Kentucky Statutes for having whiskey in one's possession for the purpose of sale in local option territory, it is competent to show a previous conviction for the same offense, or for the offense of having sold whiskey in local option territory, provided the former conviction was reasonably near the time of the alleged offense for which the defendant is upon trial. Five years is not a reasonable time within the meaning of this rule.

F. J. EVERSOLE and HOGG & JOHNSON for appellant.

M. M. LOGAN, Attorney General, for appellee.

Opinion of the Court by Chief Justice Miller— Reversing.

The appellant, Thee Combs, was indicted under subsection 2 of section 2557b of the Kentucky Statutes, for having whiskey in his possession for the purpose of selling it in local option territory. He was found guilty and his punishment fixed at a fine of $100.00 and forty days imprisonment in the county jail.

The Commonwealth's only witness was G. M. Lawson, the agent of the Adams Express Company at Hazard, who testified that on and between September 22nd and December 17, 1915, he delivered the appellant three shipments of whiskey aggregating eight gallons. Appellant admitted having received the whiskey at the times and in the quantities as narrated by Lawson. He testified, however, that he and his son, Jim Combs, jointly bought the first two shipments of two and a half gallons each; that the appellant, his son, James, and John Richie jointly bought the last shipment of three gallons, each receiving and paying for one gallon thereof at the time it was ordered; and that the three divided the last shipment of three gallons equally between them, and with two friends they, in Combs' store, drank three quarts of the whiskey the night after it was received by them.

Appellant further testified that he bought the whiskey for his personal use, and that he never sold or intended to sell any portion of it.

1. Under this proof appellant asked the court to instruct the jury to find him not guilty; but the court overruled appellant's motion and submitted the case to the jury, with the result above indicated.

Under the authority of Cornett v. Commonwealth, 170 Ky. 717, the court properly overruled the motion for a directed verdict.

2. Appellant offered to prove upon the trial that each of the packages of liquor that was delivered to him by the express agent was marked "For personal use," as is required by subsection 3 of section 2569b of the Kentucky Statutes, and that the books of the express company showed that the whiskey was delivered for personal use. The court, however, excluded this testimony, and the appellant insists that this ruling constituted a reversible error.

The court did not, however, err in excluding this testimony. See Fugate v. Commonwealth, this day decided. 171 Ky. 227.

3. It is next insisted that the court erred in recalling appellant and interrogating him after the attorneys had finished their examination. It does not appear, however, that the judge exceeded the boundary of a proper examination. Furthermore, this alleged misconduct upon the part of the judge was not assigned as a ground for a new trial, and cannot be reviewed upon this appeal.

4. Finally, it is insisted that the trial court erred in admitting testimony showing that appellant had been indicted and convicted in the Perry Circuit Court for selling whiskey, four or five years before the trial. Appellant admitted that he had been so convicted and had paid a fine, whereupon the court instructed the jury that the evidence of a former conviction was admitted as a circumstance to show whether or not appellant had this whiskey for the purpose of sale, and had received it for that purpose alone; and, that it was admitted for no other purpose.

The gist of the offense consists of the defendant's intention to sell the whiskey in his possession, in violation of the law; and we know of no better way of showing that intention than by proof of a former conviction for the same offense, or for the offense of having sold whiskey in local option territory. A conviction for either offense is a circumstance tending to show whether appellant had this whiskey for the purpose of sale; and, it was admitted for no other purpose.

In State v. Plunkett, 64 Me. 534, and in State v. Neagle, 65 Me. 468, it was held upon the trial of one charged with having in his possession intoxicating liquors with intent to sell the same in violation of the law, that his previous conviction for a similar offense was admissible in evidence upon the question of intent. See also 23 Cyc. 252.

And, if it be competent to show a previous conviction for the same offense of having liquor in one's possession for the purpose of sale in violation of law, we see no reason why it is not also competent upon the issue of intent, to show a previous conviction for the offense of selling liquor in local option territory, which is but the execution of the intent involved in the first character of case. In either case the conviction is competent to show

the intent to sell the liquor in the defendant's possession.

But, we do not think the evidence offered was competent in this case, because it showed a conviction four or five years before the trial. A conviction five years before the time of the commission of the offense for which the defendant is being tried, was too remote to show his present intention. To be competent, the former conviction must be shown to have been reasonably near the time of the alleged offense for which the defendant is upon trial. Five years is not a reasonable time within the meaning of the rule just announced.

For this reason, only, we are of opinion the Circuit Court erred to the prejudice of the appellant.

Judgment reversed.