## Gilbert v. Commonwealth.

(Decided November 4, 1927.)

### Appeal from Lewis Circuit Court.

1.  Criminal Law.—In prosecution under Ky. Stats., sec. 1224, for shooting at another from ambush, testimony by witness that reward for finding guilty party was paid to another, because he had furnished evidence concerning shooting and produced defendant as guilty person, was incompetent and should have been excluded.

2.  Criminal Law.—Evidence tending to show that defendant had committed other crimes is incompetent, except where proof of other crimes is necessary to show motive, and is reasonably near time of alleged offense for which defendant is being tried.

3.  Criminal Law.—In prosecution, under Ky. Stats., sec. 1224, for shooting at preacher, who was conducting church services, evidence of former offense of disturbing religious worship three years previously, when defendant was 15 years of age, was incompetent, as too remote, and since there was no evidence showing defendant harbored ill will toward minister or congregation by reason of fine previously imposed.

4.  Assault and Battery.—In prosecution, under Ky. Stats., sec. 1224, for shooting at preacher, who was conducting church services, evidence showing shot was fired through transom over door into ceiling of church failed to show shot was intended for any person in church, and was insufficient to constitute offense of shooting at another from hiding place, without inflicting wound.

NORMAN W. BOWMAN and R. D. WILSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. OREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Howard Gilbert, was indicted in the Lewis circuit court, charged with the crime denounced by section 1224 of the Kentucky Statutes, which provides that:

"If any person shall, from ambush or any concealment or hiding place, shoot at any person without inflicting a wound upon such person, he shall be deemed guilty of a felony, and, upon conviction shall be confined in the penitentiary not less than one nor more than ten years."

On his trial he was convicted, and his punishment fixed at confinement in the state penitentiary for two years.

The indictment charged that appellant shot at Karl Hill, a preacher, who was conducting a church service at Muse's Chapel, which is located on a public road in Lewis county. The floor of the church building is 18 inches above the level of the road, which passes in front of the church, and the charge of shot fired from a shotgun passed through the transom over the front door. The shot struck the ceiling of the church, and some of them, being deflected, fell near the place where Hill was standing in the rear of the church. It is apparent from the proof that the shot was fired by some one standing in the road in front of the church. Appellant was seen at the church a short time before the shot was fired. The congregation offered a reward of $25 for evidence leading to the conviction of the guilty party, and a few days later the reward was paid to Frank Gilkerson. At the time of the trial Gilkerson was confined in the penitentiary and did not testify. One of the witnesses for the commonwealth, being asked why the reward was paid to Gilkerson, answered:

"We considered the reward was due him. We thought he had come across with all that was required, and furnished the evidence concerning this shooting, and gave us the man that shot through the church."

The witness was then asked, "Who was that man?" and he answered, "He said Howard Gilbert." This evidence was admitted over appellant's objection. It was clearly incompetent, and should have been excluded.

Evidence was also admitted tending to show that appellant, 3 years previous to the commission of the offense for which he was being tried, had paid a fine for disturbing religious worship at the same church. Appellant was 18 years of age when he was tried for the last offense, and was only 15 years of age when the first offense is alleged to have occurred. The court admonished the jury that the testimony as to the first offense should not be considered as substantive evidence in the case on trial, but only for the purpose of showing motive on the part of the appellant to do the acts charged in the indictment.

The general rule is that evidence tending to show the defendant has committed other crimes is incompetent. One of the exceptions to the general rule is where proof of some other crime is necessary to show motive for the commission of the crime for which he is being tried. To be competent, however, the commission of the former offense must be shown to have been reasonably near the time of the alleged offense for which the defendant is upon trial. In this case the evidence showed that the former offense had been committed 3 years before the one for which appellant was being tried, and when he was 15 years of age. There is no evidence tending to show that he harbored any ill will toward the minister of the church, or any member of the congregation, by reason of the fine that had been imposed upon him 3 years previously. In view of the circumstances, the former offense was too remote in time to bring the evidence concerning it within the exception to the general rule, and the evidence complained of was incompetent. Combs v. Commonwealth, 171 Ky. 231, 188 S. W. 326.

The evidence fails to show that appellant shot at, or intended to shoot at, any person in the church, nor can any such intention be inferred therefrom. On the contrary, it shows that the person who fired the shot fired through the transom over the door into the ceiling of the church. Whoever fired the shot was guilty of reprehensible conduct, and should be punished; but clearly the evidence does not measure up to the requirements necessary to constitute the offense denounced by section 1224 of the Statutes. We are of the opinion that the court erred in submitting the case to the jury on the felony charged,

and in overruling appellant's motion for a directed verdict.

Therefore the judgment is reversed, with directions to grant appellant a new trial.