### Terrell v. Commonwealth.

(Decided Sept. 28, 1934.)

GUY H. BRIGGS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On the night of August 30, 1933, the store of A. L. Coleman & Co. in Frankfort was broken into and 18 cases of cigarettes, each case containing approximately 50 cartons, were stolen. Between midnight and morning following this breaking, the appellant, who conducted a small grocery store and poolroom on the Versailles Pike just outside the city of Frankfort, was awakened by a man named Edmund Vogler, who stated that he had in his automobile some cigarettes which he wished to sell to the appellant. Appellant thereupon went down to the door and bought from Vogler a large number of cases of cigarettes, paying him 50 cents per carton, although the market at that time was 98 cents. Later the manager of Coleman's receiving information where these cigarettes might be found, procured a search warrant to search appellant's store. Acting under this warrant, the officers searched the store of the appellant and found the cigarettes concealed above the ceiling. The cigarettes were easily identified because the cases in which they were packed had stamped upon them the name "A. L. Coleman & Co." They were also identified by certain serial numbers on the cases. Appellant was arrested and later indicted for the offense of knowingly receiving stolen property. On his trial, the facts appearing as above stated, he was found guilty and sentenced to serve two years in the penitentiary.

As grounds for reversal, he insists that the affidavit upon which the search warrant issued was insufficient and that therefore evidence of what the officers found in his store was incompetent. We are not required to discuss the soundness of appellant's contention in this regard, because after his motion to suppress the evi-

dence had been overruled and it had been admitted and the commonwealth had closed its case, he went upon the stand and freely testified about buying these cigarettes in question from Vogler and the circumstances under which he bought them.

There is also a contention that the evidence does not support the verdict, in that it is not shown that appellant at the time he bought these cigarettes knew they were stolen. In the first place, section 1199 of the Kentucky Statutes makes the possession of stolen property prima facie evidence of its having been knowingly received as such. In the second place, the circumstances surrounding the purchase of this large quantity of cigarettes, the unusual hour for a commercial transaction when it took place, the price paid which was but half the market, all followed by a concealing of the cigarettes, not only justified the submission of the case to the jury on the issue of the knowledge of the appellant that this was stolen property which he had bought from Vogler, but also sustained the verdict of guilty upon such evidence.

The judgment is affirmed.