## Blankenship v. Commonwealth.

(Decided Dec. 14, 1934.)

J. E. STEPHENS and WILL H. CAYLOR for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

In May, 1930, seven sheep owned by Francis Baird were stolen in McCreary county. They were found in the possession of Whit Blankenship, and he was indicted for the crime of knowingly receiving stolen property. On his trial he was convicted and sentenced to serve one year in the penitentiary.

The only ground urged for a reversal of the judgment is that the evidence does not support the verdict, in that it is not shown that appellant at the time he took possession of the sheep knew that they were stolen.

Appellant resided in Pulaski county, Ky., and his father-in-law, Billy Anderson, resided in Tennessee just over the line from McCreary county, Ky. Appellant claims that Billy Anderson's two sons, Raymond Anderson and Kelsay Anderson, came to his home on two occasions in the spring of 1930 and offered to sell him nine sheep. He finally consented to purchase the sheep at $5 each on the condition that he was not to pay for them until the following winter. He employed a neighbor boy, Floyd Taylor, to drive his truck, and on the day following the last visit of the two Andersons he went with Taylor to the home of his father-in-law, a

distance of nearly 100 miles. The sheep were loaded on the truck between 3 and 4 o'clock in the afternoon, but it was nearly 9 o'clock before he started home. He claims that his father-in-law insisted that he should remain at the Anderson home until after supper, which he did, and he thus accounts for his delay in leaving. About 11 oclock that night, while going over a mountain in McCreary county, a connecting rod on the truck broke, and he was unable to reach the top of the mountain. He attempted to procure a team of mules to pull the truck, but was unsuccessful until the following morning. Roscoe Neal, son of Luther Neal, passed the truck about 9 o'clock the next morning, and observed that the sheep in the truck were those of his father and Francis Baird. He immediately notified his father and Baird, who soon appeared on the scene. They found that two of the sheep belonged to Neal and seven to Baird. The latter had marked his sheep by making a certain kind of slit in their ears to distinguish them from sheep belonging to his neighbors. The sheep in appellant's possession had been freshly marked, apparently for the purpose of concealing their identity and true ownership, and appellant admitted that blood on their ears indicated that these marks had been made only a short time before he took possession of them.

Section 1199 of the Kentucky Statutes makes the possession of stolen property prima facie evidence of its having been knowingly received as such, and the burden is on the accused to explain satisfactorily his possession. Tucker v. Commonwealth, 255 Ky. 635, 75 S. W. (2d) 220; Terrell v. Commonwealth, 255 Ky. 480, 74 S. W. (2d) 948; Duke v. Commonwealth, 255 Ky. 403, 74 S. W. (2d) 472.

Appellant was dealing with his relatives, and he claims that he agreed to purchase the sheep only after urgent solicitation on their part. He admits that he did not pay for them, but says that it was agreed payment should be made several months later. The sheep were freshly marked, and appellant attempted to transport them in the nighttime. These were facts and circumstances to be considered by the jury in determining whether or not appellant knowingly received stolen property.

There was ample evidence to take the case to the jury and to sustain the verdict. The judgment is affirmed.