## Blusinsky v. Commonwealth (two cases).

Nov. 12, 1940.

Loraine Mix, Judge.

Richard Priest Dietzman and William S. Heidenberg for appellant.

Hubert Meredith, Attorney General, and William Hayes, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Rees—Reversing.

The grand jury of Jefferson county on June 15, 1938, returned an indictment against George Blusinsky charging him with the crime of unlawfully and feloniously receiving stolen property of the value of more than $20. At the trial held December 5, 1938, the jury returned a verdict of guilty, and fixed the defendant's punishment at confinement in the state penitentiary for a period of two years. On December 7, 1938, the defend--

ant moved the court to withhold the rendition of the judgment, and the following order was entered:

"The court being sufficiently advised ordered that said motion be and is sustained on condition that defendant remains on good behavior, and that said defendant shall not be guilty in the future of knowingly receiving any other stolen property."

On April 14, 1939, the grand jury of Jefferson county returned an indictment against George Blusinsky charging him with the crime of unlawfully and feloniously receiving stolen property, to wit: 323 pounds of aluminum foil of the value of $61.37, personal property of the Reynolds Metal Company. It was charged that the crime was committed on the ——— day of January, 1939. At his trial on May 12, 1939, he was convicted of the crime of receiving stolen property of the value of less than $20, and his punishment was fixed at confinement in the county jail for a period of 12 months. He was sentenced on the same day, and on May 16, 1939, the court sustained a motion to set aside the order suspending the sentence in the case tried December 5, 1938, and entered a judgment in that case sentencing the defendant to two years' imprisonment in the state penitentiary. The defendant has appealed from both judgments. Motion that the two appeals be heard together has been sustained, and they will be disposed of in one opinion.

As grounds for reversal of the judgment sentencing him to 12 months in the county jail, the appellant insists that (1) the indictment is fatally defective; (2) the verdict is flagrantly against the evidence; and (3) incompetent evidence prejudicial to his substantial rights was admitted over his objection.

The indictment was drawn under Section 1199 of the Kentucky Statutes, which reads:

"Whoever shall receive stolen goods, chattels or other thing, the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is, by law, subjected. Such offenders may be convicted, though the principal offender has not been convicted. The possession of any stolen goods shall be prima facie

evidence of the guilt, under this section, of any person or persons having such possession.''

The accusatory part of the indictment accused Blusinsky ''of the crime of unlawfully and feloniously receiving stolen property of value, the stealing whereof is punished as a felony, knowing the same to have been stolen.'' In the descriptive portion it was charged that Blusinsky ''did unlawfully and feloniously receive from Dewey Keith, 323 pounds of aluminum foil, of the value of $61.37, the personal property of Reynolds Metal Company * * * which lately before had been unlawfully and feloniously taken, stolen and carried away by the said Dewey Keith from said Reynolds Metal Company, with the fraudulent intent then and there to convert same to his own use and to permanently deprive the owner of its property therein, the saïd George Blusinsky then and there well knowing that said property, the stealing whereof is punished as a felony, had been unlawfully and feloniously stolen by the said Dewey Keith, etc.''

The criticism leveled at the indictment is that it failed to charge that the taking of the property by Dewey Keith was against the will or without the consent of the owner, and Cohan v. Commonwealth, 262 Ky. 80, 89 S. W. (2d) 872, is cited by appellant in support of his contention that such failure rendered the indictment fatally defective and that his demurrer should have been sustained. A comparison of the indictment in the Cohan case with the one in the present case discloses that they are substantially alike, except that in the Cohan case the indictment charged the accused with the crime of unlawfully and feloniously receiving property which had been stolen by one Thomas Wills from the Louisville & Nashville Railroad Company, the said Cohan well knowing that said property had been unlawfully and feloniously stolen by the said Wills. Theft of property in the custody of a common carrier is made a felony by Section 1201b, Kentucky Statutes. In the opinion in the Cohan case it was said:

''The failure to charge in the indictment that the property was taken against the will and without the consent of the owner renders it fatally defective as to the crime of grand larceny.''

And further along in the opinion it was said:

"To sustain a conviction of Cohan it was indispensably necessary for the commonwealth to allege in the indictment and to prove beyond a reasonable doubt the essential facts showing Wills' guilt of the crime of either grand larceny or of a felony under Section 1201b and Cohan's guilt under Section 1199."

In support of the statement in the opinion that it was necessary to charge in the indictment that the property was taken against the will or without the consent of the owner, Page v. Commonwealth, 235 Ky. 657, 32 S. W. (2d) 17, Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315, and Lanham v. Commonwealth, 250 Ky. 500, 63 S. W. (2d) 585, were cited. The Page, Maggard, and Lanham cases all involved indictments for grand larceny, and obviously the court in the Cohan case confused such indictments with indictments under Section 1199 of the Statutes for the crime of knowingly receiving stolen property. The opinion failed to notice earlier opinions construing Section 1199 which held that in an indictment under that section the same degree of accuracy required in an indictment for the original larceny is not demanded.

In Newton v. Commonwealth, 158 Ky. 4, 164 S. W. 108, 109, Newton was indicted under Section 1199 of the Kentucky Statutes. The indictment merely charged that the accused had unlawfully and feloniously received seven wagons which had theretofore been stolen from the Owensboro Wagon Company knowing at the time he received said wagons that they had been stolen. The indictment neither named the thief nor charged that the property was taken against the will or without the consent of the owner. Numerous criticisms of the indictment were made, but the court held that it was sufficient, and, in the course of its opinion, said:

"The gravamen of the offense denounced by this statute is knowingly receiving stolen goods, and is a separate and distinct offense from the larceny itself. Keeping this in mind, the five objections to the sufficiency of the indictment will be considered.

"It is first urged that there is no sufficient description of the larceny of the wagons alleged to have been received by appellant, and no sufficient al-

legation that there had been a larceny previous to the receiving by him of the property, and that it does not allege that the wagons had been feloniously taken or carried away.

"In framing an indictment, under a statute which denounces a crime based upon the commission of a previous and different crime, the same technical particularity in describing the previous crime is not required as would have been in an indictment charging such original crime. Commonwealth v. Wilde, 5 Gray (Mass.) 83, 66 Am. Dec. 350; State v. Druxinman, 34 Wash. 257, 75 P. 814; State v. Makovsky, 67 Wash. 7, 120 P. 513, 531.

"In this indictment it was unnecessary to charge in technical language the commission of the offense of larceny committed previous to the offense with which appellant is now charged; a charge in general language that the goods had been stolen before he received them was sufficient."

Further along it was said:

"The indictment in all its essential elements notified the defendant in reasonably clear and accurate language of the charge against him, and is not open to any just criticism."

In Duke v. Commonwealth, 255 Ky. 403, 74 S. W. (2d) 471, an indictment for knowingly receiving stolen property substantially like the indictment in the Newton case was held good. In Cole v. Commonwealth, 246 Ky. 149, 54 S. W. (2d) 674, Cole was indicted for the offense of knowingly receiving stolen property, and it was contended that his demurrer to the indictment should have been sustained. The indictment is not set out in the opinion, but we have examined the record and find that, except for names and dates, it is identically the same as the indictment before us. It failed to charge that the property had been taken against the will or without the consent of the owner. In an opinion written by a distinguished member of this court, the indictment was held to be good on demurrer.

We think the rule announced in the Newton case and followed in the Duke and Cole cases is sound and should not be departed from. To the extent that the

opinion in the Cohan case, supra, is in conflict with these opinions, it is overruled.

Guilty knowledge is an essential element in prosecutions for receiving stolen property and must be proved on the trial but may be shown by circumstances. Section 1199 of the Statutes makes the possession of stolen property prima facie evidence of guilt. It was shown that the 323 pounds of aluminum foil purchased by appellant from Dewey Keith in January, 1939, had been stolen by Keith. The appellant testified that the foil purchased from Keith was crumpled and soiled and similar to foil obtainable from the city dumps and worth not more than 3 cents a pound. Keith informed him that it had been obtained from one of the city dumps. Appellant procured Keith's name and address, and made a report of the transaction to the police department of the city of Louisville as required by a city ordinance. He claimed that when the second purchase was made his bookkeeper telephoned to the police department and inquired whether or not it was necessary to report subsequent purchases from the same person and was informed that it was not. This was disputed. The character and value of the foil was also in dispute. There was proof that about 50 per cent. of the foil purchased by appellant was in sheets, new, and worth approximately 20 cents a pound. There was also proof that foil similar to that purchased by appellant cannot be obtained from the city dumps. The proof on the question of scienter was close, but it was sufficient to take the case to the jury.

The third ground relied upon by appellant for reversal of the judgment presents a more serious question. On direct examination appellant testified that he had been exercising caution with reference to all material offered to him for sale, due to the fact that in December, 1938, he had been unjustly convicted of the crime of knowingly receiving stolen property. On cross-examination the Commonwealth's attorney asked a number of questions concerning this prior prosecution. He then asked him concerning a prosecution in 1934 or 1935 in which he made the same defense; that is, that the seller had reported to him that the property had been found on a dump. A number of questions concerning this prosecution were asked, and objections to them were overruled. It does not appear that he

was convicted on that occasion. At the conclusion of this line of questioning, the court admonished the jury in part as follows:

"Likewise with reference to the other indictment referred to in 1934 or 1935, No. 67334, he is not in any way charged in this indictment with the matter. alleged in that indictment. However, you may consider any reference to the testimony that you have heard concerning that transaction for the purpose of determining any knowledge or intent that the defendant could have had in this particular case in which he is charged with receiving this aluminum. You will not consider such testimony for any other purpose whatsoever, and not as substantive proof."

Evidence concerning the 1934 or 1935 prosecution was not competent for the purpose of affecting appellant's credibility as a witness, since it does not appear that he was convicted of a felony, and it was not competent for the purpose of showing motive or intent since the offense, if any, had been committed four or five years before the offense for which he was being tried. In Gilbert v. Commonwealth, 221 Ky. 692, 299 S. W. 569, evidence of a former offense, similar in all respects to the offense for which the accused was being tried but which had been committed three years before the last offense, was held inadmissible because the former offense was too remote in time to bring the evidence concerning it within the exception to the general rule that evidence tending to show the accused has committed other crimes is incompetent. In Combs v. Commonwealth, 171 Ky. 231, 188 S. W. 326, evidence that the accused had been convicted of a similar crime four or five years before the trial was incompetent as the former conviction was too remote to show his present intention. As heretofore stated, the evidence in the present case on the question of guilty knowledge is close, and, in view of that fact, we think the admission of the evidence concerning the offense alleged to have been committed in 1934 or 1935 was prejudicially erroneous.

In support of his contention that the judgment in the first case in which he was convicted of a felony and sentenced to imprisonment in the state penitentiary for a term of two years should be reversed, appellant

first insists that the regular circuit judge was disqualified to enter the final judgment. It appears that when the case was called for trial in December, 1938, the regular circuit judge disqualified himself to sit in the case, and a special judge was, by agreement, selected to try it. It was the special judge who entered the order suspending the entry of judgment. The regular circuit judge presided at the trial of the second case without objection, and, after appellant had been sentenced in that case, he sustained a motion to set aside the order of suspension in the first case and entered the judgment now complained of. The record fails to disclose the reason for his disqualification when the case was called for trial in December, 1938, and there is nothing to show that any reason for his disqualification existed in May, 1939, when the final judgment was entered. If the regular circuit judge was qualified in May, 1939, to preside at the trial of the same defendant for a similar offense, it must be presumed, in the absence of any objection made at the time, that he was then qualified to act in the other case and this ground for reversal must be disallowed.

After the trial judge set aside the order postponing the entry of the judgment, a motion in arrest of judgment was filed and was overruled. It is now urged that this was error since the indictment stated no public offense. The indictment failed to charge that the thief from whom the accused is claimed to have received stolen property took the property against the will or without the consent of the owner. This is the criticism made of the indictment in the second case discussed earlier in this opinion, and what was said there disposes of this contention.

When the second case was called for trial, the Commonwealth moved the court to revoke the probation theretofore granted in this case, and the following order was entered: "The court not being sufficiently advised orders that said motion be held under submission until the outcome of the case now being tried." Later the Commonwealth renewed its motion to revoke the probation theretofore granted, and this order was entered:

"At the calling of case No. 73,529, of the Commonwealth of Kentucky versus George Blusinsky, for trial, on May 12, 1939, the Commonwealth moved

the Court that the probation entered on December 7, 1938, in case No. 72,459, Commonwealth of Kentucky versus George Blusinsky, be revoked. The Court allowed the motion to be filed, and took the same under consideration awaiting the introduction of testimony and action of the jury in case No. 73,529, about to be entered into, both parties having announced ready."

After the jury returned its verdict in the second case, the court sustained the Commonwealth's motion to set aside the order suspending the sentence in the first case and sentenced appellant to imprisonment in the state penitentiary for a term of two years. In an opinion made a part of the record, the trial judge set out his reasons for setting aside the order of probation. The opinion reads in part:

"Taking these facts into consideration, with the entire record and transcript of testimony in case No. 73529, all of which the Court makes a part of this record for all purposes, and taking into consideration that after a vigorous trial, wherein defendant was represented by very able counsel, a jury found the defendant guilty in said action tried on May 12, 1939, and fixed his punishment at 12 months in the county jail, the Court is clearly of the opinion that the defendant has violated the terms of said suspended sentence in this action on December 7, 1938."

It will be noted that the circuit judge based his action partly on the fact that the jury in the second case found appellant guilty of the offense of knowingly receiving stolen property, which constituted a violation of the terms of the suspended sentence.

The purpose of the law permitting the suspension of sentence is clearly reformatory, and in order to accomplish this purpose the law must be so administered that the person whose sentence is suspended can rely upon the promises contained in the order of suspension. A convicted defendant released under a suspended sentence is entitled to a hearing on the issue whether he has broken the conditions of the order of suspension before the order may be set aside. Section 979b-8, Kentucky Statutes; Darden v. Commonwealth, 277 Ky. 75, 125 S. W. (2d) 1031. Whether or not the

suspension shall be revoked is a matter within the sound discretion of the circuit judge after the hearing contemplated by the statute is held. In the present case the circuit judge was not bound by any verdict the jury might have returned, but he could have set aside the order of suspension by a judgment based solely upon his own conclusions from the evidence heard on the second trial. In reaching his conclusion that appellant had violated the conditions of his probation, it appears that the circuit judge was influenced somewhat by the verdict of the jury finding appellant guilty of the offense of knowingly receiving stolen property subsequent to the order of probation, and, since the judgment entered upon the verdict in the second case has been reversed, we think that in all fairness to the accused the judgment revoking his probation and sentencing him to imprisonment in the state penitentiary for a term of two years should also be reversed.

The motion for an appeal in the misdemeanor case is sustained, and the judgment reversed, with directions to grant appellant a new trial. In the felony case the judgment setting aside the order of probation is reversed.