## Gossett v. Commonwealth.

Dec. 13, 1940.

J. S. Sandusky, Judge.

R. C. Tartar for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant was indicted and convicted on a charge of receiving stolen goods, an offense denounced by Kentucky Statutes, Section 1199; the jury inflicted a penalty of one year's confinement in the Reformatory, the minimum fixed by Section 1194, Kentucky Statutes.

On appeal two grounds are advanced for reversal of the judgment: (a) The indictment was fatally defective, because of the omission of what counsel conceives to be essential allegations; (b) the evidence was insufficient to sustain the verdict.

It is not necessary to set the indictment out in full; it is apparently copied from the one which was under attack in Cohan v. Com., 262 Ky. 80, 89 S. W. (2d) 872, 874, and in which we erroneously held the indictment defective because in charging that the property received had been stolen from another, it was not specifically stated that the taking was "without the consent, or against the will, of the owner."

The indictment before us omits the identical words, and counsel for appellant stands squarely on our opinion in the Cohan case, wherein apparently for the reason stated, and others which were cogent, we directed a new trial.

When briefs were filed, the fact is, though necessarily unbeknown to counsel because the opinion had not been published, this court, in George Blusinksky v. Com., 284 Ky. 395, 144 S. W. (2d) 1038, decided November 12, 1940, had precisely the question here presented and we overruled so much of the Cohan opinion as had clearly departed from former rulings. In that case we pointed to the case of Newton v. Com., 158 Ky. 4, 164 S. W. 108, quoted at length from same, and cited a number of authorities from other jurisdictions, holding that:

"In framing an indictment, under a statute which denounces a crime based upon the commission of a previous and different crime, the same technical particularity in describing the previous crime is not required as would have been in an indictment charging such original crime. * * * In this indictment it was unnecessary to charge in technical language the commission of the offense of larceny committed previous to the offense with which appellant is now charged; a charge in general language that the goods had been stolen before he received them was sufficient. * * * The indictment in all its essential elements notified the defendant in reasonably clear and accurate language of the charge against him, and is not open to any just criticism."

We also cited Cole v. Com., 246 Ky. 149, 54 S. W. (2d) 674, and the more recent case of Duke v. Com., 255 Ky. 403, 74 S. W. (2d) 471, which we found to have adhered to the rule in the Newton case, supra, and concluded: "To the extent that the opinion in the Cohan case, supra, is in conflict with these opinions, it is overruled." The rule in the Newton case was followed in Com. v. McGarvey, 158 Ky. 570, 165 S. W. 973, and Shuttles v. Com., 190 Ky. 176, 227 S. W. 154, and with citations from other jurisdictions is stated in 53 C. J. 517-538.

The appellant operated a restaurant in Somerset, and another place of business on the highway a short

distance to the South. He was at the latter place when a truck, occupied by two men, drove up; the truck had upon it miscellaneous articles of merchandise, among which were five rolls of fencing wire, which appellant says he bought. He says the man he bought them from said his name was Ross. The day following, according to his testimony, he removed the wire to Somerset and placed it in his father-in-law's garage. Shortly afterward while his son and an employee were taking the wire to a farm owned by appellant, officers, who had been apprised of the loss of some wire by a man named Dunagan, took possession of the wire, two rolls of which, valued at $24.10, were identified beyond question by Dunagan, and by others who had theretofore seen them on Dunagan's premises. Dunagan saw and was able by means of some marks to identify his wire and within an hour and a half after he missed it from his premises.

Counsel insists that since the wire was being conveyed in broad daylight, with no effort to conceal it, that the rolls, or one of them, still had a sales tag on it (which fact Dunagan said was true when it was in his possession shortly theretofore), and because alleged seller, Ross, had executed a sales bill to him showing his payment for the seven rolls of wire, showed his innocence. Ross is not produced as a witness, and the alleged sales bill is far from being an impressive document; it shows signs of having received special treatment.

It is not necessary to go more into details on the proof, but it is obvious that on Dunagan's testimony alone, there was enough evidence to put appellant on proof, and there was apparently a lack of sufficient evidence of a convincing nature to impress the jury that there had been in a fact a bona fide purchase of the wire. Gossett's possession of the wire placed the burden on him of proving rightful ownership. Kentucky Statutes, Section 1199; Blankenship v. Com., 256 Ky. 768, 77 S. W. (2d) 40. The issue was submitted to a jury upon instructions which are not criticized, and which fairly gave the law; hence we are compelled to and do now affirm the judgment.