## Noble v. Commonwealth.

April 25, 1944.

S. M. Ward for appellant.

Eldon S. Dummit, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Courtney Noble has been convicted of the crime of knowingly receiving stolen property and sentenced to a 5-year term of imprisonment. The sole question presented on this appeal, as stated in appellant's brief, is "the verdict of the jury is against the evidence and the law."

Mitchell Moore, who had been employed as a clerk in his father's store at Chavies, Kentucky, was inducted into the United States army in December, 1942. He left his wearing apparel and other personal belongings, including a suitcase, in a building owned by his father. On or about January 12, 1943, the building was broken into and Mitchell Moore's property was stolen. A description of the various items of stolen property was given to the sheriff, who had a warrant for the arrest of Courtney Noble on another charge. Armed with the warrant, several deputy sheriffs went to a house several miles from Chavies reputedly occupied by Noble. They found in the house Amanda Riley, who later married appellant while both of them were confined in jail. Noble was not in the house when the officers arrived, but was found on the road nearby and arrested. At the time he was arrested he was wearing a pair of shoes which Mitchell Moore's father and sister positively identified as part of the stolen property. The officers found in the house the suitcase and numerous other articles belonging to Mitchell Moore, which the latter's father testified were worth $75 or $80 when they were stolen.

It is argued that there is no evidence that appellant lived in the house where the stolen property was found or had any control over it, and that, at most, he was shown to be in possession of only a pair of shoes worth less than $20 and therefore was not guilty of a felony. The house belonged to appellant's mother. Chester Mc-Daniel, a policeman and former deputy sheriff, who had known Courtney Noble several years, was requested by the sheriff to accompany the other officers who had the warrant and to direct them to Noble's home. He took them to the house owned by the appellant's mother where they found Amanda Riley, now appellant's wife. Appellant was found near the house. Marion Banks, a deputy sheriff, testified that the officers inquired in the neighborhood concerning appellant's place of residence, and they were directed to the house where the stolen property was found. After his arrest appellant said the stolen articles were there (referring to the house where they were found) and he would have to take the blame for it. Appellant did not testify nor was any witness introduced in his behalf.

There was ample evidence from which the jury might reasonably infer that the stolen property was in his possession, and the burden was on him to explain such possession satisfactorily and to show his lack of guilty knowledge. KRS 433.290; Gossett v. Commonwealth, 284 Ky. 766, 145 S. W. (2d) 1063; Blankenship v. Commonwealth, 256 Ky. 768, 77 S. W. (2d) 40; Conley v. Commonwealth, 230 Ky. 391, 20 S. W. (2d) 75. Appellant was a frequent visitor to the store where Mitchell Moore worked as a clerk, and saw, or had ample opportunity to see, most of the stolen articles in Mitchell's possession. An inference that he knew the articles had been stolen was warranted by the proof.

The judgment is affirmed.