## Sale v. Commonwealth.

September 30, 1947.

E. B. Beatty, Judge.

E. B. Rose for appellant.

Eldin S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing and remanding.

Appellant was convicted of the offense denounced

by KRS 433.250(4), stealing chickens of the value of $2 or more. In brief for appellant it is only contended that the indictment failed to contain the charge that the stealing was against the will or without the consent of the owner, and that the instruction failed likewise to incorporate the words. Reversal is asked on this ground alone.

In Hudspeth v. Com., 195 Ky. 4, 241 S. W. 71, we held that an act to constitute larceny must be against the will or without the consent of the owner, and the requirement is not merely technical, but is necessary to be charged in the indictment, if the orderly procedure of the administration of the law is to be adhered to. We said that Sec. 122 of the Criminal Code of Practice only provided for dispensing with technical words or phrases, but was not intended to dispense with the allegation of any fact which is necessary to constitute the commission of a crime.

We followed the Hudspeth case in Nelson v. Com., 265 Ky. 332, 96 S. W. 2d 1009, reversing a judgment of conviction for an offense under the statute supra, and cited eight or more cases in which the rule had been applied.

It follows that the judgment must be reversed for proceedings consistent with this opinion, or such action as may appear proper to the court and its officers.