## Niece v. Commonwealth.

June 4, 1948.

J. L. Hays and Emmett G. Fields for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, and J. A. Runyon for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The judgment is of conviction of the crime of receiving stolen property. KRS 433.290. The penalty imposed is five years' imprisonment. The case is a sequel to Nease v. Commonwealth, 307 Ky. 640, 211 S. W. 2d 826, and McPeak v. Commonwealth, — Ky. ——, —— S. W. 2d ——. They affirmed death sentences imposed upon two men for armed robbery. Those men and another took the automobile and other property of Vernon Hodges, in Jefferson County, compelled him to go with them to Perry County, where they brutally murdered him. However, those facts were scrupulously kept out of this trial of the appellant, Brent Niece, who was con-

victed of receiving the automobile and a box of mechanics tools, of which Hodges had been robbed.

The brief of the appellant does not comply with Rule 1.340, which requires a concise classification of the points raised or grounds upon which the reversal is sought. See Combs v. Thomas, 304 Ky. 654, 201 S. W. 2d 557. And there is no separation or classification of those points in the body of the brief. We have been compelled to pick them out.

The appellant is the father of Jasper Niece, one of those convicted of the robbery. He and Workman came to the defendant's home in Letcher County right after the robbery. The proof of the Commonwealth is that the defendant obtained permission of a neighbor to have the stolen automobile driven through his yard, back of the house in which the defendant and another son, Ben Niece, lived. It was there painted black by Ben Niece and another man, who was not identified as being the defendant. But the defendant had bought a can of black paint and a brush and when asked if he was going to paint his taxicab he replied that he was not. After the car had been painted, the defendant and Jasper Niece took it to an isolated place in a hollow and left it there. Then the defendant inquired of Gene Adkins, an automobile dealer, whether he would be interested in buying or handling a "hot" car. Adkins had just read of the Hodges death. He testified:

"He asked me if I could handle this hot car and I told him it was the hottest car in the State of Kentucky, and he wanted to know why, and I told him a man had been killed in it and he wanted to know what kind of car it was and I told him it was a 1939 convertible Packard. He asked me the color of it and I said yellow, and he said I was mistaken because the car he had for sale was black. I asked him if it had been painted and he said it could have been because it had a bright new paint job."

It seems that these descriptions made by the defendant afforded the clue which resulted in the arrest of the two men. The automobile was valued at $1500. The defendant was trying to raise funds to pay for a cooking stove that he had shipped to him. It also proved that he had cleaned and sold a box of tools of the value of

$30 for $10, and had sold very cheap an Army rifle which he offered well wrapped up. The automobile and tools were identified as belonging to Vernon Hodges.

The defendant testified that his son, Jasper, and two companions had come to his house, but had not stayed there. That Workman told him the car belonged to his father; and, further, that he, the defendant, had had nothing to do with the automobile. He denied that he bought any paint at the time, but stated he had purchased paint at different times for his own car. He had "suspicioned something" and had run his boy away from his home. He did not try to sell the car to Adkins, but he had told him about it and his suspicions, and asked that he look into the matter. The defendant testified that the tools and the rifle he had sold were his own property, and told where he had obtained them several years before. One of the men from whom he got some of the tools was dead and the other could not be found. The defendant's cross-examination weakened his story. He had been convicted of the felony of chicken stealing several years before, but claimed to have reformed. In some particulars the defendant is corroborated by his wife and by a deposition of an absent witness.

The court withdrew the testimony concerning the rifle, since there was no evidence of ownership other than the defendant's. The case was submitted to the jury under proper instructions relating only to the automobile and tools.

The appellant claims the court committed an error in not peremptorily instructing the jury to acquit him. The argument is based on the proposition that there was no proper proof of ownership of the property by Hodges, specifically named in the indictment; that the evidence does not show that Jasper Niece, who was also named, or any other person, had stolen the property or that he, the defendant, had received it, knowing that it had been stolen.

The evidence of Hodges' sister was positive and clear that the tools and the automobile had belonged to him and had been in his possession a short time before he was killed. The automobile was still registered in his name. The gravamen of this crime being the receiv-

ing or possession of property, knowing it had been stolen, neither the name of the person from whom stolen nor the thief is an essential element to be proved, and stating their names in the indictment is unnecessary. Decker v. Commonwealth, 303 Ky. 511, 198 S. W. 2d 212. If named in the indictment, any variance is immaterial if the property is specifically described and identified. Shuttles v. Commonwealth, 190 Ky. 176, 227 S. W. 154. Circumstantial evidence may be sufficient to prove that the property had been stolen from someone and that it had been received or taken into possession by the defendant knowing that fact. Blusinsky v. Commonwealth, 284 Ky. 395, 144 S. W. 2d 1038. It is manifest that the circumstances proved in this case constitute sufficient evidence to sustain the conviction.

The evidence that the automobile had come under the defendant's partial control and possession or dominion is sufficient. Ellison v. Commonwealth, 190 Ky. 305, 227 S. W. 458; Lassiter v. Commonwealth, 280 Ky. 502, 133 S. W. 2d 728; Cole v. Commonwealth, 246 Ky. 149, 54 S. W. 2d 674. Obviously, the evidence showed a complete and absolute possession and dominion of the tools. There is no merit in the claim of insufficient proof to take the case to the jury.

The defendant claims that the testimony concerning the death of Vernon Hodges was irrelevant, and, moreover, was but hearsay. The circumstances of the death, as we have said, were kept out of the record. His sister and other witnesses were asked when his death occurred in order to fix the time of the acts of the defendant in relation to this charge. The time of Hodges' death was relevant in showing that he was dead when the property came into the possession of the defendant. His death or the time of it was not so material that the witnesses could not testify to it without having actually seen him killed, or die, or his dead body.

We perceive no error in the trial. The judgment is accordingly affirmed.