CAUDILL v. COMMONWEALTH.

Court of Appeals of Kentucky.

March 13, 1953.

Clark Pratt, Hindman, for appellant.

J. D. Buckman, Jr., Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

MORRIS, Commissioner.

Appellant stands convicted of knowingly receiving stolen property of more than $20 value, KRS 433.290, his punishment being fixed at one year's imprisonment, the minimum under KRS 433.220. Waiving other grounds set up in his motion for a new trial, he contends that the court was in error in overruling his motion for a favorable directed verdict, made at the close of the Commonwealth's evidence and renewed at the close of the trial. It is argued that the Commonwealth failed to prove that the articles alleged to have been stolen from Mullins, the chief prosecuting witness, were found in the possession of appellant in Knott County. The answer to this is that the proof shows that Mullins and appellant were neighbors, both living in Knott County, and the articles or most of them were found in appellant's home.

It is argued that the court should have sustained the renewed motion because it was not shown that the property in question had been stolen, and appellant had given a satisfactory explanation of his acquisition of the various articles. Mullins testified that on a certain night in September 1951, when he was absent, some one entered his home and took a watch, an electric iron, a radio tone filter, a hand drill and a quilt. It appears that Mullins had a fairly well-founded suspicion as to the location of the missing articles, and at a later date obtained a warrant for the search of appellant's home, and its execution resulted in finding all the missing articles save the watch, which had been turned over to a used-car dealer by appellant in an automobile trade. The works of the watch had been taken from the original case and put into another, but Mullins had no trouble in identifying it. Appellant admits the trading of the watch.

Appellant, in explanation of his possession of the articles, testified that on the night Mullins claimed that the property was stolen he came to his home, bringing the above-mentioned articles with him; that he was in a drunken condition, and saying that he was in need of money, offered to sell the property to appellant, who declined to purchase because he had no need for it and he had no ready money. He said that his stepson, Arthur Edgeson, was present and purchased the articles from Mullins for $40. The following morning appellant bought the watch from Edgeson for $15. The stepson did not testify, but the court permitted a statement in which he corroborated the version given by appellant. Mullins on recall testified positively that he had not sold the articles to Edgeson.

Admitting that KRS 433.290 provides that possession of stolen property is prima facie evidence of guilt, counsel insists that since appellant made a satisfactory explanation of his acquisition of the property, the prima facie evidence was overcome and the court should have directed a verdict of not guilty. Under the conflicting evidence, it became a question for the jury as to whether or not appellant's explanation was satisfactory; "if his explanation is not believed by the jury, his possession of the stolen property not only justifies that the case be submitted to the jury, but such fact is sufficient to sustain a verdict of conviction." Abshire v. Com., 281 Ky. 470, 136 S.W.2d 567, 569. See also to like effect Noble v. Com., 297 Ky. 262, 180 S.W.2d 96; Clatos v. Com., 298 Ky. 851, 184 S.W.2d 125. It may be noted that appellant's version of his possession was submitted to the jury by way of an appropriate instruction.

While guilty knowledge is an essential element in prosecutions under KRS 433.290, and should be proven, the scienter

may be established by circumstances. Blusinsky v. Com., 284 Ky. 395, 144 S.W. 2d 1038. Among circumstances which might be considered by the jury, as pointed out by the Attorney General, are the transfer of the works from the original watch case to another case before the trade to Salisbury, and the fact that appellant knew before the search warrant was executed that Mullins was endeavoring to locate the missing articles, without information on his, appellant's part, that he had them. Aside from this there was proof that appellant's reputation was bad, and that the stepson had been theretofore convicted of larceny.

█ We are of the opinion that the court properly submitted the case to the jury, and that the proof justified the jury's verdict.

Judgment affirmed.