**Harry Bill LOGAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1958.

Rehearing Denied Jan. 30, 1959.

Joe S. Feather, Garrett G. Teague, Jr., Williamsburg, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Harry Bill Logan was indicted jointly with Ovie Literal and James "Chalk" Moore. The indictment contained joint charges of grand larceny and knowingly receiving stolen property. Criminal Code Practice, § 127. On a separate trial, Logan was convicted of knowingly receiving sto-

len property and sentenced to two years' confinement in the penitentiary.

Appellant urges as grounds for reversal: (1) Lack of venue; (2) improper submission of both charges to the jury; and (3) improper instruction.

On the night of March 9, 1956, the place of business of the Vermillion Oil Company, situated in East Corbin, Whitley County, was broken into and several truck tires were taken. Ruby Noe, who lived near by, saw two men taking tires from the place of business. She said that when they observed her they ran with the tires behind a building owned by Roscoe Mitchell. Ruby reported what she had observed to Mae Lewis, who was visiting her. Ruby and Mae drove to the end of the Mitchell building, where they saw parked a "greenish bluish Buick". Ruby called the police. While the call was being made, the "greenish bluish Buick" drove by them. Both women saw it. Mae obtained its license number. About thirty-five minutes later, appellant was arrested while driving a car of the same description and bearing the license number as given by Mae Lewis. After the arrest, both women identified appellant's car as the one they had seen parked near the oil company.

Thirteen truck tires had been taken. Five of these were found near the premises of the oil company. The remaining eight tires were found in a parked car at or near appellant's garage. When arrested, appellant was advised that around three or four hundred dollars worth of tires were missing. At that time, he said that he would rather pay the owner of the tires three or four hundred dollars than "to have his name drug into that". At the police station, before the tires were found, it was suggested that a search be made of appellant's premises. Appellant then said they would probably find the tires at his place but if they did, he had been framed.

Appellant denied that he had anything to do with the stealing, and sought to establish an alibi. He said that the automobile in which the tires were reportedly found was not his property and was not located on premises under his control, but on a public road.

Appellant's place of business where the tires were recovered was located on U. S. Highway 25E. He insists that the Court should take judicial notice that no part of the highway is located in Whitley County; hence, the Whitley Circuit Court lacked venue of the prosecution. There are two reasons why his argument is unsound.

There was ample evidence upon which the jury could have found that appellant received the stolen tires at or near the place where they were taken. The location of appellant's "greenish bluish Buick" close to the place of larceny and his occupancy of it near the time of the larceny were sufficient to warrant the jury's finding that he had received the stolen property near the Vermillion Oil Company's place of business, which was shown to have been in Whitley County. Newton v. Commonwealth, 158 Ky. 4, 164 S.W. 108; Blusinsky v. Commonwealth, 284 Ky. 395, 144 S.W.2d 1038.

Judicial notice is taken of geographical locations only when the knowledge related thereto is generally known by all persons or is readily ascertainable by them. Commonwealth v. Payne, Ky., 245 S.W.2d 581. The city of Corbin is located in Whitley, Knox, and Laurel counties. The location of a highway route may be changed from time to time. This is especially true in cities. The location of U. S. Highway 25E within the city of Corbin is not such information or knowledge as is generally known or readily ascertainable by all persons. There is no merit in the contention concerning the lack of venue. It is unnecessary to decide the applicability of KRS 431.020.

It is contended that despite the provision of Criminal Code Practice, § 127, permitting the joinder of the offenses of larceny and knowingly receiving stolen property in the

same indictment, appellant should not have been tried on both charges at the same time. The rule is stated in 32 Am.Jur., Larceny, Section 102, page 1016, to be:

"The offenses of larceny and receiving stolen goods may be charged in the same indictment, for while they are different offenses and punished by different degrees of severity, still they differ only in degree, and belong to the same class of crimes and may be well united, and often must be, if justice is to be administered, for it may be doubtful whether the proof will sustain the charge of larceny, or only the more mitigated offense of receiving stolen goods, knowing them to be stolen, and the indictment must therefore be found so as to meet either charge, and such is the common practice."

The rule is one of sound practice. It was not error to hear the proof on both offenses in the same trial.

Instruction No. II is objected to by appellant as being erroneous. The objections are that the instruction failed to require the jury to believe that a prior larceny had been committed and that the property had been taken without the owner's consent. The cases relied on by appellant, Davidson v. Commonwealth, 219 Ky. 251, 292 S.W. 754, and Sale v. Commonwealth, 305 Ky. 485, 204 S.W.2d 818, are not in point. Neither case deals with knowingly receiving stolen property. The questioned instruction is substantially ·the instruction as given in 3 Stanley's Instructions to Juries, Section 931, page 247, except for surplusage. The instruction quoted in Stanley's Instructions was given in Newton v. Commonwealth, 158 Ky. 4, 164 S.W. 108.

The applicable rule, as stated in Allison v. Commonwealth, 83 Ky. 254, 7 Ky. Law Rep. 252, is:

"Receiving stolen property, knowing it to be stolen, is itself a complete offense. It is not necessary in order to convict of that ·offense that the guilt of the person who stole the property shall be first established, nor his name be known or even stated in the indictment, or to prove the accused to be in any way connected with the larceny. The gist of the offense consists of the guilty knowledge of. the property having been stolen."

To the same effect are Newton v. Commonwealth, 158 Ky. 4, 164 S.W. 108; Decker v. Commonwealth, 303 Ky. 511, 198 S.W.2d 212; Martin v. Commonwealth, Ky., 276 S.W.2d 19. See also Roberson's New Kentucky Criminal Law and Procedure, 2nd Ed., Section 881, page 1098. As suggested in Jones v. Commonwealth, 305 Ky. 264, 203 S.W.2d 72, the trial court properly instructed the jury to say in the verdict on which charge or count the conviction was based. The verdict recited that it was found under Instruction No. II. There is no merit in appellant's objections to the instruction.

Judgment affirmed.