**Boone DESKINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Richard E. Vimont, Lexington, Marvin W. Suit, Flemingsburg, for appellant.

Ed. W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Justice.

Appellant was tried, convicted, and given one year in prison on a charge of knowingly receiving stolen property (a farm tractor) in violation of KRS 433.290.

In essence, appellant argues (1) he was entitled to a directed verdict of acquittal and (2) the statute is unconstitutional because it permits a jury to find one guilty solely on proof of possession in violation of the Fourteenth Amendment to the United States Constitution guaranteeing "due process" to all persons born or naturalized in the United States.

The trial developed these facts: On April 16, 1971, appellant, a resident of Pike County, Kentucky, was in Fleming County inquiring of Stanley Spencer about the purchase of some Charolais cattle when Spencer raised a conversation as to his desire to sell appellant a 1970-model blue Ford tractor, 3000 series. After some negotiations, the appellant purchased the tractor and caused it to be transported from Fleming County to Pike County, Kentucky. Appellant testified that he paid $2,400 for the tractor, all in cash. The tractor was taken from a farm in Fleming County to a barn located on the farm of one of appellant's neighbors in Pike County, where it was kept for about six months.

Apparently the tractor in question was traced to Pike County. Detective Sergeant Clyde Thomas of the Kentucky State Police thereupon traveled to Pike County and inquired of the appellant if he had bought a Ford tractor fitting the description of the one here involved. Sergeant Thomas testified that when he inquired of the appellant as to the tractor, the appellant denied having purchased the tractor and stated he knew nothing about such tractor. After Sergeant Thomas left appellant's home, the appellant got busy and returned the tractor to Fleming County, where he first obtained it. His nephew, Gerstel Deskins, drove the truck that returned the tractor, and the appellant went along in his private automobile and helped unload the tractor. During

the process of unloading the tractor, the appellant and his nephew were arrested and charged with knowingly receiving a stolen tractor. The arresting officer, Herbert Boling, a state policeman, testified that when he made the arrest, the appellant told him that his nephew, Gerstel Deskins, knew nothing about the tractor transaction. Bill Owens, the sheriff of Fleming County, was present at that time and substantiated the testimony of Boling. At this time, appellant's nephew was a tugboat operator working out of Norfolk, Virginia. Prior to the trial of this case in circuit court, the nephew died. On the trial, the appellant claimed that he purchased the tractor for his nephew who planned to quit river work in about one year and retire to a farm.

The statute under which the appellant was indicted and convicted provides that "possession by any person of any stolen property shall be prima facie evidence of guilt under this section." This "prima facie evidence of guilt" supplies the necessary element of knowledge of the stolen character of the property.

■ The appellant undertakes to hurdle the prima facie case claimed by the Commonwealth by saying that his possession of the tractor was as agent; that he purchased the tractor for his nephew; and that all his activity in regard to this transaction was for the sole benefit of the nephew. Under the peculiar circumstances of this case, to which we refer later, it makes no difference whether the appellant's possession was as agent or personal to him.

■ The Commonwealth having established beyond doubt that the appellant had possession of stolen property, whether as agent or otherwise, the onus was on the appellant to explain to the jury that he purchased the tractor in good faith and was without knowledge of its stolen character. It was the peculiar province of the jury to believe or disbelieve the appellant's explanation or alibi. Jones v. Commonwealth, Ky., 453 S.W.2d 564; Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d

125 (1954); and Caudill v. Commonwealth, Ky., 256 S.W.2d 8 (1953).

■ In weighing the evidence to determine whether or not the jury was justified in disbelieving the appellant's theory of his possession, it must be kept in mind that the question of the appellant's knowledge of the stolen character of the tractor was a question that reposed entirely within the appellant's cranium, and the only keys thereto were the appellant's tongue and his conduct. If it is true, which the jury had a right to believe, that the appellant first denied any knowledge pertaining to the purchase of the tractor or its possession, this was a strong circumstance bearing upon the credibility of the appellant's evidence. Mason v. Commonwealth, Ky., 477 S.W.2d 140 (1972). Furthermore, the jury, unlike this court, had the opportunity to see and observe the appellant's conduct and demeanor when he gave his testimony. The jury could, and no doubt did, take into account the inconsistency of the appellant's positions before and at the trial. The jury had a right to consider the circumstances under which the appellant first obtained possession of the tractor (from an open field). Another circumstance giving rise to suspicion was appellant's testimony that he paid cash for the tractor. Though Spencer corroborated the appellant, from a casual reading of the testimony of Spencer, the jury had a right to believe that Spencer was either a front or a secondary "fence" for the people who stole the tractor. If the jury so believed, it had a right to disbelieve his testimony entirely.

This court has no difficulty, as did the jury, in concluding that the appellant's defense or alibi should not be accepted.

■ The appellant's second and final argument questions the constitutionality of the 1928 amendment to the statute under which he was convicted. The appellant cites no authority in support of his position. Legislation of this character is usually designated as anti-fence legislation. We think it a valid exercise of the police

**700**

powers of the state. Rosenthal v. People, 226 U.S. 260, 33 S.Ct. 27, 57 L.Ed. 212. For the benefit of those interested in the subject, reference is made to an article in the American Bar Association Journal (1928), volume 14, beginning at page 517.

The judgment is affirmed.

All concur.