**Paul TUSSEY, Jr., Movant,**

v.

**COMMONWEALTH of Kentucky,
Respondent.**

Supreme Court of Kentucky.

Oct. 9, 1979.

Jack Emory Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Frankfort, for movant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for respondent.

CLAYTON, Justice.

A spool of insulated copper wire valued at approximately $1500 disappeared from the Armco Steel Corporation in Boyd County. The spool was later discovered in the vicinity of an Armco warehouse but off of the company's grounds. The wire had been badly burned with most of the insulation destroyed. Armco officials, with the cooperation of the local police, organized a "stake out." The next day, movant and another man were observed picking up junk in the area of the burnt wire. When the two men began loading the wire onto their truck they were arrested.

Movant was indicted for knowingly receiving stolen property under KRS 514.110.[1] At trial, a witness for the Commonwealth testified that the wire no longer had any value for electrical purposes and that it would have value only as scrap. A defense witness testified that the present value of the wire was approximately $50–$60.

Movant was subsequently convicted of knowingly receiving stolen property with a value of $100 or more (a felony) and sentenced to two years in prison. Movant appealed and the Court of Appeals affirmed the conviction holding that the value of the property received by movant was to be determined at the date of the theft rather than on the date he received it. We granted discretionary review.

We are persuaded by movant's contention that the value of the stolen property on the date the offender receives it is the proper date for determining the severity of the violation. We conclude that this position conforms not only to existing law in Kentucky (*Clatos v. Commonwealth*, 298 Ky. 851, 184 S.W.2d 125 (1944)) but also to a logical interpretation of the statute. The act of receiving stolen property is a criminal offense independent of the criminal act of theft.[2] The value of the property

---

1. KRS 514.110 reads in part: ". . . Receiving stolen property is a Class A misdemeanor unless the value of the property is $100 or more, in which case it is a Class D felony."

2. "The crime of knowingly receiving stolen property is a substantive crime, complete in itself, and is not, under the statute, an accessorial act to a larceny . . .." *Ellison v. Commonwealth*, 190 Ky. 305, 227 S.W. 458, 460 (1921). *See also Logan v. Commonwealth*, Ky., 319 S.W.2d 465 (1958).

stolen determines the culpability of the thief. If a person steals property worth less than $100 he commits a misdemeanor; more than $100, a felony. *See, e. g.,* KRS 514.030. Applying this rationale to the separate offense of receiving stolen property results in a similar conclusion: a person who receives stolen property worth less than $100 has committed a misdemeanor; more than $100, a felony.

It is possible to envision various circumstances which result in the substantial depreciation of the value of an item of stolen property. To hold an individual responsible for an act unrelated to his or her own criminal liability would contradict all theories of fairness in modern justice.

The decision of the Court of Appeals is reversed, the judgment of the Boyd Circuit Court is affirmed to the extent that it convicts the defendant of receiving stolen goods of a value less than $100, and the case is remanded to the trial court with directions to conduct a new trial only for the purpose of assessing and imposing a misdemeanor penalty.

All concur.