CHIEF JUSTICE HARDIN
delivered the opinion of the court.
Having been tried and convicted upon an indictment for the murder of Joseph Pendergrass, and sentenced to be hanged, the appellant, James Cunningham, prosecutes this appeal for a reversal of the judgment of the court below.
The grounds of the motion for a new trial questioned the correctness of the action of the circuit court for several reasons, all of which except one have been virtually, and, as we think, properly, abandoned as unavailable by the appellant’s counsel in the arguments in this court. The single remaining question thus indicated as essential, and which is particularly *151 relied on by the learned counsel, will therefore be alone determined in this opinion. That question relates to the ruling of the court in instructing the jury. The record sufficiently shows what instructions were given ; but the following is the only one which appears to have been properly excepted to so as to render the action of the court subject to revision in this court: “The court, at the instance of the attorney for the commonwealth, instructs the jury that in the investigation of this case it is their duty to take into consideration the confessions proven to have been made by the accused, together with all the other testimony given before them, and determine from all the evidence in the case as to the guilt or innocence of the accused. But before they are authorized to find a verdict of guilt the evidence must satisfy them fully and beyond a reasonable doubt that the accused is guilty of the charge of murder against him.”
Before considering the objections which have been taken to this instruction it will be necessary to advert briefly to a portion of the evidence on which, in part at least, it seems to have been based. It was proved on the trial that Pendergrass, who for some time had resided in Hickman County, had suddenly and somewhat mysteriously disappeared, and that the appellant, in various conversations with different persons, had made statements and declarations conducing to the belief that while in company with the deceased alone he had killed and robbed him, and concealed near the place of the homicide certain articles of clothing and property taken from him, which, or articles corresponding to the description which he gave of them, were afterward found, as well as the body of a man supposed to be that of Pendergrass, appearing to have been three times shot through the head, but too much decayed for identification.
The instruction which we have quoted seems to be objectionable in assuming that confessions had been proven to have *152 been made by- the appellant, and thereby withdrawing from the jury the duty of determining from the evidence whether any confessions of guilt had in fact been made by him. But Waiving this, the instruction is, in our opinion, liable to another and much more serious objection.
Section 238 of the Criminal Code of Practice provides: “A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such an offense was committed.”
The manifest meaning of this provision is that besides the proof of any confession a defendant may have made of his guilt, unless made in open court, there must, to warrant a conviction, be other evidence conducing to prove him guilty of the offense alleged to have been committed by him; or, in other words, to show that such an offense had been committed, and not inconsistent with his guilt, and not merely some “other testimony” than that adduced to prove the confession, which might have no tendency whatever to establish the charge.
But it is obvious that by the instruction under consideration the jury may have felt authorized to convict the appellant on the proof of his statements and admissions alone,-if any' thing else was testified to before them, although it may have added nothing to the weight of the evidence against him, and may even have tended to prove his innocence.
But it is insisted for the commonwealth that if the instruction, considered by itself, was erroneous, as conflicting with section 238 of the Code (supra), the defect was cured by another instruction which the court gave, and which was obviously intended to embody the principle of said section.
Generally the practice of attempting to remedy the error in a misleading instruction by giving another which is free from that objection is entitled to no favor, for it often tends to complicate and confuse rather than elucidate the questions *153 of law which should be solved by the court for the guidance of the jury.
But the second instruction given on the same subject is also misleading. In that instruction the court, referring to the proof of confessions, told the jury, in substance and effect, that they were not warranted in finding the defendant guilty upon such evidence unless the confessions were “ accompanied with other evidence in the case that said Pendergrass was in fact hilled and murderedthus virtually making the proof of confessions sufficient to warrant a conviction, if aided by the bare fact that Pendergrass was murdered, although, independent of the proof of confessions, the evidence may have had no tendency to establish the guilt of the appellant; but, on the contrary, may have operated to rebut the evidence of his confessions, and point to another as the perpetrator of the murder.
We have come to the conclusion therefore, after a re-argument, and upon a reconsideration of this case, that there is sufficient reason for believing that the jury may have been misled by the instruction which was excepted to.
Wherefore the judgment is reversed, and the cause remanded' for a new trial and other proceedings not inconsistent with this opinion.