## Commonwealth v. McGarvey.

(Decided April 28, 1914.)

### Appeal from Kenton Circuit Court
### (Common, Criminal Law & Equity Division).

1. Sales—Operation and Effect—Transfer of Title as Between Parties.—Delivery of goods by the seller to a common carrier is ordinarily a delivery to the buyer and the property in the goods passes at the time of such delivery subject to the right of stoppage in transit; the rule presupposes, however, that the delivery is complete; that the goods are of the kind and quality and in the quantities ordered; that they are shipped according to the directions of the buyer and consigned in such manner as to confer on the buyer the right without reservation to receive the goods from the carrier.

2. Receiving Stolen Goods—Indictment.—In an indictment for receiving stolen goods, knowing same to have been stolen, if the act is particularly and sufficiently described in the indictment so that it may be identified as the one which the accused is called upon to answer, whether the owner of the property is correctly named, is immaterial. Section 128 of the Criminal Code was intended to apply in just such cases as this where it is practically impossible to show absolutely whether the property in goods in the possession of a common carrier has passed from shipper to consignee.

3. Receiving Stolen Goods—Evidence.—Where the premises of defendant were searched and the goods mentioned in the indict-

ment were found together with a large quantity of other goods under such circumstances as tended to indicate that they were stolen property, it was competent to show the condition of the premises as part of the res gestae; and, for the purpose of showing guilty knowledge, it was also competent to show that such other goods than those mentioned in the indictment were stolen property. And in doing so, it is not necessary to show the defendant's guilty knowledge of the stolen character of such collateral goods.

4. Receiving Stolen Goods—Evidence.—To test the sufficiency of the corroboration of the testimony of an accomplice, eliminate from the case the evidence of said accomplice and then examine the evidence of the other witnesses with a view to ascertain whether there be inculpatory evidence tending to connect the defendant with the offense; if there is, the accomplice is corroborated.

5. Criminal Law—Evidence.—On a prosecution for receiving stolen goods, the records of an express and transfer company are not admissible to show the receipt by such companies of certain shipments, portions of which were afterwards claimed to have been found in possession of the defendant. Such records could only be used by the persons who made them or by witnesses having actual knowledge of the facts testified about for the purpose of refreshing the recollection of such witness.

R. G. WILLIAMS, JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellant.

JOHN B. O'NEAL for appellee.

·OPINION OF THE COURT BY JUDGE HANNAH—Certifying the law of the case.

Charles and Joseph McGarvey were jointly indicted by the grand jury of Kenton County for the crime of receiving stolen goods knowing them to have been stolen. The indictment charged that the defendants received from one Charles Bettman, alias John Shannon, and Albert Frank Essen, seventeen pairs of ladies oxford shoes, the property of the Krippendorf-Dittman Company, of Cincinnati, Ohio, which had by said Shannon and Essen been stolen from the Southern Freight Depot.

The defendants moved for a severance; the motion was sustained; and the Commonwealth elected to try Charles McGarvey first.

·At the conclusion of the evidence for the Commonwealth, on motion of defendant, the court first excluded from the jury all testimony with reference to goods found in the possession of the defendant other than the

shoes with the receiving of which he was charged in the indictment, and then directed a verdict for the defendant. The Commonwealth appeals, and asks a certification of the law of the case.

The order dismissing the defendant does not state upon what grounds this action was taken by the lower court; but the motion for peremptory instruction made by defendant's counsel was based upon the following stated grounds, viz.: That there was a variance between the allegation of the indictment and the proof, in respect of the ownership of the stolen shoes; that the evidence of Essen, who stole the shoes and sold them to the defendant, and was, therefore, an accomplice, was not corroborated; that the Commonwealth failed to show that the defendant received the stolen shoes, or that he knew they were stolen.

1. As to the matter of a variance between the indictment and the proof in respect to the ownership of the stolen shoes, it was conclusively shown by evidence that the shoes in question were part of a shipment, consisting of two boxes of shoes, made by the Krippendorf-Dittman Company, of Cincinnati, to A. C. Link, at Hickory, N. C., and that said shipment was delivered to the freight depot of the Cincinnati Southern Railroad in Cincinnati, from which one of said boxes was stolen by Shannon and Essen.

As to whether the shoes when stolen were the property of the shipper or of the consignee, the rule has been stated as follows: "Ordinarily, a delivery of goods by the seller to a carrier is a delivery to the purchaser, but the delivery must be of goods of the proper quality and in the proper quantity." 35 Cyc., 193. "And, since a delivery to a carrier under proper conditions is a delivery to the buyer, such delivery is sufficient to transfer the property in the goods, subject to the shipper's right of stoppage in transit. The rule presupposes, however, that the delivery is complete; that the goods are of the kind and quality and in the quantities ordered; that they are shipped according to the directions given by the buyer; that they are consigned in the name of the buyer, or that the bill of lading is endorsed and delivered so as to confer on the consignee the right to receive the goods from the carrier without reservation." 35 Cyc., 316.

Having these principles in mind, it is impossible to say from the evidence in the record whether the prop-

erty in the shoes had passed from the Krippendorf-Dittman Company to the consignee, Link, or not.

But, for the purpose of certifying the law of the case, it will be assumed that the property in the shoes had passed from shipper to consignee; and that, therefore, there was a variance between the allegation of the indictment, and the evidence, in respect of the matter of the ownership of the stolen shoes.

2. It is contended by the Commonwealth that in an indictment for this crime, a mis-description of ownership is not material.

Section 128 of the Criminal Code is as follows: "If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

This section has been held to apply to the following crimes: House-breaking, Johnson v. Commonwealth, 87 Ky., 189; Burglary, Oliver v. Commonwealth, 5 Bush, 376; Obtaining money under false pretenses, Hennessey v. Commonwealth, 88 Ky., 301; Arson, Commonwealth v. Napier, 27 R., 131, 84 S. W., 536, and Overstreet v. Commonwealth, 147 Ky., 471, 144 S. W., 751; Robbery, Bibb v. Commonwealth, 112 S. W., 401, 33 R., 776.

And the court is of the opinion that it also applies to indictments for the crime of receiving stolen goods knowing them to have been stolen. This section was intended to and should especially be made to apply to just such cases as this, where it is practically impossible to tell whether the property in goods in the possession of a common carrier has passed to the consignee thereof or still remains in the shipper.

Under this section of the Code, this court has uniformly held that where the act within this section is particularly and sufficiently described so that it may be identified as the one which the accused is called upon to answer, whether the owner of the property taken or injured is correctly named, is immaterial. Taylor v. Commonwealth, 25 R., 374, 75 S. W., 244. See also Newton v. Commonwealth, 158 Ky., 5, in which the court said that in an indictment for receiving stolen goods, the allegation of ownership is merely for the purpose of identifying and describing the stolen property and is

not an essential element of the crime denounced by the statute.

In the case at bar, the indictment, aside from the allegation of ownership of the stolen goods, charged the defendant with receiving seventeen pairs of ladies oxford shoes which had been stolen by Shannon and Essen from the Southern 'Freight Depot; and it is certainly sufficient to apprise the defendant of the charge which he was called upon to answer.

3. 'The Commonwealth also complains of the action of the trial court in excluding from the jury all the testimony with reference to goods found in the possession of the defendant other than the shoes mentioned in the indictment. It is not clear from the language of this order just what evidence was excluded, but it seems that the court intended to exclude the testimony of the officers who searched defendant's rooms relative to what they found there, except that they found therein the shoes mentioned in the indictment, and also the evidence showing that goods found in defendant's rooms other than the shoes named in the indictment had been owned by wholesale merchants of Cincinnati.

It was shown in the evidence that the defendant, Charles McGarvey was unmarried; that he operated a saloon at 1514 Russell street, in Covington, and lived in the rooms up stairs over his saloon. It was shown that the detectives found in the saloon and in the rooms over the saloon occupied by McGarvey in addition to the shoes mentioned in the indictment, a large quantity of goods and merchandise, among which were one hundred and twenty-seven pairs of shoes, fifty-four dozen neck-ties, fifty-seven pairs of gloves, fifteen searchlights, three bolts of cloth, cutlery, dresses, suits, dry goods and notions of various kinds. These articles were scattered all through the building; quite a number of shoes were found in a closet; gloves and other articles were found down stairs behind the counter, and some shoes were found under the bar. As a part of the res gestae, it was competent to show what was found in these rooms as well as the condition of the house and premises in possession of the defendant where the shoes mentioned in the indictment were found. This was competent without showing that any of said collateral goods so found there were stolen.

And, in addition to showing that these goods were found in the possession of the defendant when he was

arrested, it was also competent for the purpose of show-ing guilty knowledge upon the part of the defendant that the shoes mentioned in the indictment were stolen property, to show that these other goods found upon the premises, were also stolen property. Devoto v. Com-monwealth, 60 Ky. (3 Met.), 376; Commonwealth v. Grief, 16 R., 198.

And, to make such evidence competent, it is not in-cumbent upon the prosecution to show that the defend-ant knew that such other goods were stolen. Chamber-layne on Evidence, Sec. 3237; Wigmore on Evidence, Sec. 325. But, the evidence offered relative to goods found in the possession of the defendant other than those charged in the indictment, unless such evidence is part of the res gestae, must be such evidence as will prove such other goods to be stolen.

In an attempt to prove that these other goods were stolen, the Commonwealth introduced the following evi-dence:

A shipping clerk and a bill clerk in the employment of Bischoff-Stern-Stein Company testified that they packed in a box and delivered to the United States Ex-press Company, on March 10, 1913, five coats, consigning them to Teck Bros., North Vernon, Indiana; and that they afterwards saw some of these coats among the property found in defendant's possession when he was arrested. But no other evidence was offered relative to these goods having been stolen.

Before such evidence could be competent, it was necessary to show that the owner or persons legally in or entitled to the possession of such goods had been de-prived of the possession thereof, and this was not done with reference to these coats.

A clerk in the employment of the United States Ex-press Company and a clerk in the employment of the Cincinnati Transfer Company, testified concerning what the records of their respective companies showed with reference to certain shipments of goods found in the possession of defendant.

These witnesses did not make the records from which they testified; and even if they had, such records were not admissible in evidence; they could only be used by the persons who made them, or by witnesses who had personal knowledge of the facts testified about, for the purpose of refreshing the recollection of such witness.

4. As to the claim that there was no corroboration of the evidence of the accomplice, it was shown by Essen that he and Shannon stole the shoes from the freight depot; that they were guided to McGarvey's saloon by a man named "Dutch" and that they there sold to McGarvey the seventeen pairs of shoes for two dollars. The shoes were proven to have been of the value of about thirty dollars and were found in McGarvey's possession under such circumstances as were sufficient to justify the inference of guilty knowledge of their stolen character.

Section 241 of the Criminal Code provides that "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

In the note to Stone v. State, 98 A. S. R., 169, is found a good test of the sufficiency of corroboration of the testimony of an accomplice, quoted from Welden v. State, 10 Tex. App., 400. "Eliminate from the case the evidence of the accomplice, and then examine the eviddence of the other witnesses with a view to ascertain whether there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated."

Applying this test to the facts in the case at bar, eliminating .the evidence of Essen, it is at once apparent that there is ample evidence tending to connect McGarvey with the commission of the offense with which he was charged. The accomplice was sufficiently corroborated.

The variance between the allegation of the indictment and the evidence as to the ownership of the property stolen was not material; the evidence of the officers showing what was found on the premises in possession of defendant and the condition in which it was found, was competent; the accomplice was sufficiently corroborated and the court erred in directing a verdict for the defendant.

This opinion is ordered to be certified to the trial court as the law of the case.