# Mitchell v. Commonwealth.

(Decided September 29, 1931.)

H. W. SULLIVAN for appellant.

J. W. CAMMACK, Attorney General, for the appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

At the May term, 1930, of the Montgomery circuit court, the appellant Bus Mitchell, and Penny Stanhope

and others, were indicted for stealing chickens of the value of $2 or more, a crime defined by section 1201c, Ky. Statutes. Stanhope was convicted on a plea of guilty, and being under the age of 17, was committed to the school of reform at Greendale, Ky., where he was confined at the time of the trial of appellant. At his trial, the appellant Bus Mitchell was convicted and his punishment fixed at confinement for a period of one year in the penitentiary. He appeals, and here insists that the court erred in refusing peremptorily to instruct the jury to find him not guilty; that the court erred in failing to define the word "accomplice"; that the verdict of the jury is not sustained by the evidence.

To determine the question of his right to a peremptory instruction, a review of the facts is required, which are in substance as follows: Cecil Daniel's residence, at the time of the offense charged in the indictment is alleged to have been committed, was something like half a mile from the residence of appellant. Daniel was the owner of a lot of mixed chickens, Black Minorcas, Rhode Island Reds, and Plymouth Rocks. A number of his chickens were stolen from his premises some time in November, 1929, and another lot was stolen about New Year, 1930. After the chickens were taken from his premises, he was unable to locate them. Stanhope's testimony discloses that in the nighttime (date not given) he and the appellant Bus Mitchell, Howard Anderson, and Joe Strange, in a car owned by Howard Anderson, went to the home of Cecil Daniel; on arriving there the car was stopped on the road, Mitchell got out, went toward Daniel's house, and was gone about three-quarters of an hour, when he returned with a coffee sack, containing twenty-five chickens, "black ones, red and Plymouth rocks." The appellant at his home, in the presence of Stanhope, sold to Howard Anderson twenty-six chickens and paid him therefor $13. The money paid by Anderson to Mitchell for the chickens was divided among Mitchell, Stanhope, and Strange; Stanhope receiving $5 as his portion.

By the testimony of Anderson it is shown that the transaction disclosed by Stanhope did not occur; that in the winter of 1930 he was at the home of appellant where he purchased from him twenty-six chickens, for which he paid him $13. Appellant's mother, Stanley Willoughby, and Penny Stanhope were present at the time. At the time he purchased the chickens they were

in a coop near the barn. The appellant, on Sunday evening next before his selling of the chickens to him, was at his home, when he (Anderson) was absent, and informed his wife that he (Mitchell) wanted to sell Anderson some chickens, and he soon thereafter purchased the chickens. Anderson sold the chickens to a merchant at Camarjo. The appellant denied having any connection with the taking of any chickens of Daniels. It is shown by himself, his mother and sister, that he and his mother, at their home, raised the chickens which he sold to Anderson, where they were kept at the time he sold them to Anderson; that they were in the coop at the time being fed especially for the purpose of increasing their weight before their sale.

It is apparent from a resume of the evidence that only the testimony of Stanhope connects the appellant with the taking of Daniel's chickens. It is also apparent that there is a total absence of other evidence tending to connect the defendant with the commission of the crime charged in the indictment. "Corroboration of an accomplice" means evidence other than, and independent of, the testimony of the accomplice, which tends to prove the existence of some fact which really connects the defendant with the commission of the offense charged in the indictment, and unless there is other evidence of that character, independent of the testimony of the accomplice, then there is no corroboration, and the defendant is entitled to a peremptory instruction. Schleeter v. Com., 218 Ky. 72, 290 S. W. 1075. As used above, the words "other evidence" mean evidence tending to establish the connection of the defendant with the actual commission of the offense charged against him, and not merely some other testimony which has no tendency to establish the charge. Cunningham v. Com., 9 Bush, 149. An "accomplice," within the meaning of the Criminal Code of Practice, sec. 241, is one who knowingly, voluntarily, and with common intent with the principal unites in the commission of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, not being present, by advising and encouraging the act. Baker v. Com., 212 Ky. 50, 278 S. W. 163. The proper test for determining whether there is sufficient corroboration of the testimony of the accomplice under the Code provision, supra, "is to first eliminate the evidence of the accomplice, and then, if upon examination of all the other evidence there

is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration.'' Com. v. McGarvey, 158 Ky. 570, 165 S. W. 973; Begley v. Com., 200 Ky. 563, 255 S. W. 147; Shields v. Com., 203 Ky. 118, 261 S. W. 865, 868. Eliminating the evidence of Stanhope in accord'ance to the rule supra, it is apparent that there is no fact, or circumstance, proven, corroborating the testimony of Stanhope, unless the evidence as to the breed and color of the chickens be so regarded. The breed and color of ordinary chickens are too common and too frequent, without further identification, to be considered as evidence sufficient to corroborate an accomplice to rest a conviction upon. Craft v. Com., 80 Ky. 349.

The trial judge should not have submitted the case to the jury. If upon another trial the evidence, in substance, is the same as upon the last trial, the court will direct the jury to find defendant not guilty.

Wherefore the judgment is reversed for proceedings consistent with this opinion.