## Duke v. Commonwealth.

(Decided June 22, 1934.)

DENNY P. SMITH, SMITH & McKENZIE, and W. O. SOYARS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellant was convicted of the offense of knowingly receiving stolen property and sentenced to serve 2½ years in the penitentiary. He appeals.

As grounds for reversal, it is contended that the trial court erred in not sustaining a demurrer to the

indictment; in admitting incompetent evidence to be introduced against the appellant; in failing to give a peremptory instruction to find the appellant not guilty; and that the commonwealth's attorney was guilty of misconduct.

In support of his contention that the court should have sustained his demurrer to the indictment, the appellant cites the case of Clay v. Commonwealth, 218 Ky. 233, 291 S. W. 45. But that case was one involving a prosecution under section 1201b of the Statutes, which makes it an offense to steal from a common carrier any property in its possession for transportation or delivery. Appellant, however, was not prosecuted for such offense, but was prosecuted for the offense denounced by section 1199 of the Statutes, which reads:

"Whoever shall receive stolen goods, chattels or other thing, the stealing whereof is punished as a felony or misdemeanor, knowing the same to be stolen, shall be liable to the same punishment to which the person stealing the same is, by law, subjected. Such offenders may be convicted, though the principal offender has not been convicted. The possession of any stolen goods shall be prima facie evidence of the guilt, under this section, of any person or persons having such possession."

The indictment in the instant case is substantially and essentially like that held good in the case of Newton v. Commonwealth, 158 Ky. 4, 164 S. W. 108, for which reason the first contention of the appellant must be disallowed.

In so far as the second contention of the appellant is concerned, it seems that at the time appellant was arrested there was found in his house and in his possession, in addition to the property specifically referred to in the indictment as having been stolen and received by him, knowing it to be stolen, a lot of other property which had been stolen at the same time as that set out in the indictment. Further, a lot of property also stolen at the same time as that set out in the indictment was found in a sink hole not far from appellant's residence but not on his property. All this property so stolen at the same time as that mentioned in the indictment was introduced in evidence. It is such introduction of this evidence of which appellant complains. In so far as the property discovered in his house is concerned, there was

no error in permitting it to be introduced. Under exactly similar circumstances the admission of like evidence was upheld in the case of Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973; it there being decided that, in a prosecution for receiving stolen goods, evidence that other goods than those charged in the indictment were found in accused's possession at the same time as those set out in the indictment is admissible to establish guilty knowledge and as a part of the res gestæ. So far as the property found in the sink hole is concerned, we do not find in the record that any objection was made to its introduction, for which reason no complaint can now be made. Our disposition of this second contention of the appellant likewise disposes of the fourth contention, since that contention is directed towards the claimed misconduct of the commonwealth's attorney in displaying this property before the jury.

As to the third contention of the appellant, to wit, that he was entitled to a peremptory instruction, there is no merit whatever. The thieves who stole the property and who are not accomplices of appellant, Cole v. Commonwealth, 246 Ky. 149, 54 S. W. (2d) 674, testified to the theft of the property and to having carried it to appellant's home where it was sold to him. The circumstances surrounding the sale to appellant, the very modest price which he gave for the goods, the hour at which the goods were sold, all indicate clearly that he knew the goods had been stolen. Furthermore, appellant's possession of the stolen goods was itself, under the provisions of section 1199 of the Statutes, prima facie evidence of his guilt. Coupled with this is the fact that when the officers drove up just after appellant had bought these goods, appellant parleyed with the officers for a while and then excused himself, fled from the scene and the state, and did not return until after he had been indicted. Further, there was evidence to show that when his case came on to be tried, he undertook to bribe the witnesses to stay away from court and not testify against him. Of course, appellant denied that he knew these goods were stolen and even that he had bought them before the officers came upon him and the thieves as above stated. But there was ample evidence to take this case to the jury and to sustain the verdict of guilty which it found.

Judgment affirmed.