**Estill GALLOWAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

F. Byrd Hogg, Whitesburg, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Estill Galloway was convicted of being an accessory before the fact of armed robbery. He received a life sentence. On appeal he argues that: (1) Hearsay evidence was erroneously admitted; (2) the testimony of Sunset Joseph was erroneously excluded; and (3) his motion for a directed verdict should have been sustained.

Paul Collins and Sunset Joseph assaulted and robbed R. C. Eversole, a storekeeper, on January 31, 1963. They were arrested, and Sunset Joseph made an affidavit in which he confessed and implicated Glenn Cornett and John Parrott. Later, Joseph implicated appellant. On this indictment in which appellant alone was accused, Joseph and the sheriff were the only witnesses before the grand jury. Subsequently, Cornett and Parrott were released.

On the trial the sheriff testified, in part, as follows:

"Sunset told me that if I would take him out of jail, take him in my car, he would show me everything that happened so Trooper Roy Hall and myself, we took him in the car and drove over there, I told him, I said, 'You just take me and show me what happened', so we drove on down the river and he said, 'Right here is where

we stopped and bought gas, Estill Galloway put a dollar's worth of gas in the car.'"

■ Sunset Joseph did not testify. Appellant contends that the sheriff's statement, repeating what Sunset had said about appellant's purchasing "a dollar's worth of gas," is hearsay and should not have been admitted over his objection.

In Kinder v. Commonwealth, Ky., 306 S.W.2d 265, the rule was stated as follows:

"Hearsay has been defined as evidence which derives its value not solely from the credit to be given to the witness upon the stand but, in part, from the veracity and competency of some other person. The hearsay rule signifies a rule rejecting assertions offered testimonially which have not been in some way subjected to the test of cross-examination under oath. It is an extrajudicial testimonial assertion which may be either written or spoken. The theory of the rule is that the many possible deficiences, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the fundamental test of cross-examination. * * *."

The merit of the rule as it concerns the test of cross-examination is illustrated in this case. Sunset Joseph, who was said to have made the statement, was present in the courtroom during the trial. The prosecution did not offer him as a witness. Appellant sought to introduce him, but he was immediately met by the claim of privilege against self-incrimination, which was sustained. There was no way to examine the truth of Sunset's statement, especially when compared with his prior affidavit by which he implicated only Cornett and Parrott. The objectionable testimony is hearsay and should have been rejected.

■ Appellant argues that Joseph should have been compelled to testify when called by him. He urges that Joseph waived his constitutional privilege against self-incrimination by his appearance and testimony before the grand jury.

Joseph had previously been indicted by the same grand jury. The appellant's brief indicates that Joseph was subsequently sent by the juvenile court to the House of Reform.

The constitutional privilege against self-incrimination is a personal one that the witness may waive if he chooses to do so. In Commonwealth v. Phoenix Hotel Company, 157 Ky. 180, 162 S.W. 823, the Court held:

"The privilege attaches to the witness in each particular case in which he may be called on to testify, and whether or not he may claim his privilege is to be determined without reference to what he said when testifying as a witness on some other trial, or on a former trial of the same case, and without reference to his declarations made at some other time or place."

See also In re Neff, 3rd CCA, 206 F.2d 149. The Court correctly sustained Joseph's plea despite the previous statements made.

■ Appellant urges that there was insufficient corroborative evidence to support the testimony of the principal. The Commonwealth used Paul Collins as a witness. Collins had previously pleaded guilty to the crime of armed robbery and entered upon service of his sentence. He testified that the robbery of Eversole was discussed with appellant and that for part of the money appellant had agreed to and did furnish a pistol.

Excluding the testimony relating to the purchase of the gasoline, the only testimony, other than that of a principal, which tended to connect appellant ·to the commission of the offense was that of Eugene Kellman. He testified that he loaned appellant a pistol, which was shown to have been of a similar make to the one used in the robbery. He said that it was loaned before the robbery

and that appellant returned it after the robbery. Kellman could not fix any date or time for the transactions and was rather vague in his answers concerning the time of the two incidents.

The effect of the Kellman testimony is that appellant may have had in his possession about the time of the robbery a pistol similar to the one used in the robbery. The weapon involved was not shown to have been sufficiently distinctive or different from many similar weapons, and it was thus unidentifiable as the weapon used. Eliminating the testimony of Paul Collins, the principal, the testimony of Eugene Kellman about the pistol is insufficient corroborative evidence. Mitchell v. Commonwealth, 240 Ky. 258, 42 S.W.2d 305. The motion for a directed verdict should have been sustained.

Judgment reversed with direction, should the evidence be the same in the event of a new trial, to grant a directed verdict in favor of the defendant.