Sid GRIDER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Rehearing Denied May 12, 1972.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Sid Grider was convicted of and his sentence fixed at one year for the crime denounced by KRS 433.290, commonly referred to as "Receiving stolen property." Grider contends that the court erred in permitting evidence of other offenses and in failing to instruct the jury on the requisite intent to commit the offense.

■ We are of the opinion Instruction No. 1 was fatally defective. It was as follows:

"The Court instructs the jury if you believe from the evidence to the exclusion of a reasonable doubt that the defendant, Sid Grider, did in Warren County, Kentucky, before the finding of this indictment, on or about the 23rd day of August, 1969, unlawfully, wilfully, feloniously and knowingly receive from persons unknown 4-premium cross bar Dayton Tires, 10.00 x 20, 1-electric Marquette welder, AC–DC, and 1-box of assorted tools, the personal property of the McMurtrey Ready Mix Concrete Company of Warren County, Kentucky, and worth over $100.00, that had been stolen from the McMurtrey Ready Mix Concrete Company of Warren County, Kentucky, you should find the defendant guilty as charged and fix his punishment at confinement in the penitentiary for

not less than one or more than five years."

Cf. Stanley's Instructions to Juries, section 931. It is noted that the court's instruction does not recite that the defendant must know that the property was stolen, as required by KRS 433.290 which reads in part as follows:

"Any person who receives any stolen property, the stealing of which is punishable as a crime, knowing it to be stolen shall be liable to the same punishment as the person stealing it."

■ The gravamen of the offense is knowledge that the goods were stolen. "Knowledge that the goods were stolen is the controlling element of the crime, and though knowledge may be shown by circumstances, the circumstances should go further than create a mere suspicion" is a statement found in Grady v. Commonwealth, 237 Ky. 156, 35 S.W.2d 12 (1931). Decker v. Commonwealth, 303 Ky. 511, 198 S.W.2d 212 (1946), expresses it in these words: "And so we are presently persuaded that a knowledge of the property's dishonest origin, without any necessity of a further particularity in relation thereto, is the gist of this crime." It is said in 45 Am.Jur., Receiving Stolen Property, section 7, page 389: "Guilty knowledge on the part of the receiver of property that it is stolen property is an essential element of the offense of receiving stolen property at common law and under most statutes, * * *." We are constrained to hold that the instruction was fatally defective. We recently held in Mason v. Commonwealth, Ky., 477 S.W.2d 140 (decided February 4, 1972), that the statement of the attorney for the Commonwealth in his summation that the defendant "should have known" the property was stolen was error but under the circumstances was not prejudicial. That ruling is distinguishable from the present case where the instruction itself was defective. We perceive a vast difference between an erroneous statement made by an attorney in his adversary role and an erroneous instruction given by a judge.

■ The Commonwealth has raised the question as to whether the error was properly preserved for judicial review. The colloquy in the judge's chambers was as follows:

"MR. MILLIKEN: Your Honor, this instruction reads, unlawfully, wilfully, feloniously and knowingly, and I think this as in any other offense intent has to be proved by the Commonwealth, and I think there should be some instruction in here about intent to commit an unlawful, wilful and felonious act.

"MR. HUDDLESTON: We acknowledge that as the essential element in this case. If he knew they were stolen and received them, then that is sufficient.

"THE COURT: Note the objection to the instruction as indicated by Mr. Milliken. I think the instruction correctly sets out the law, and give him an exception to the Court's ruling."

It is provided in RCr 9.54 that objections to instructions are not sufficient unless the specific grounds are stated. When defense counsel objected to the instructions because they did not require "intent," we believe the ground was sufficiently specific. It should have alerted the trial judge to the fact that the instruction did not require the defendant to have knowledge that the goods were stolen. The message was clear to the attorney for the Commonwealth when he stated, "We acknowledge that as the essential element in this case. If he knew they were stolen and received them, then that is sufficient."

■ Since the case must be reversed for a new trial because of error in the instructions it might be helpful for us to discuss another assigned error, namely, the introduction into evidence of hearsay testimony relative to stolen items other than those set forth in the indictment. Grider was indicted for receiving stolen property, to wit, four tires, an electric welder and a box of assorted tools, the property of the Mc-Murtrey Ready Mix Concrete Company.

 tires, welder and tool box were properly identified as having been stolen from McMurtrey. The tool box, containing various tools, sat in the courtroom. A torque wrench taken from the box was identified by the owner as having been stolen when the box was taken. An electric drill seized during the search but not found in the tool box was presented to the deputy jailer for identification. The deputy jailer testified that subsequent to the search the drill was identified by one Bill Palmore as being his. Palmore never was called to the stand. We believe the evidence should have been excluded as hearsay. A deputy sheriff testified that pursuant to another search three sockets with the letter "E" on them were found in Grider's service station. He also stated that it had been reported to the sheriff's department that the sockets had been stolen from Ellis Bays. No further identification was made in court during the Commonwealth's evidence in chief. The Commonwealth introduced Ellis Bays in rebuttal but the court refused to permit him to identify the sockets. With the rebuttal evidence excluded, we believe the introduction of the evidence as to the sockets was error because their identification as stolen items was by hearsay.

 Grider contends that, in addition to the error of the Commonwealth's failure to show by valid evidence some of the items were stolen, it was improper to permit evidence of Grider's having received stolen property other than the property described in the indictment. Specifically he decries the introduction into evidence of the three sockets with the letter "E" and the electric drill because they were not included in the indictment. It has been declared above that the evidence as to the sockets and the drill was improperly introduced in the present trial because their identification as stolen property was by hearsay evidence, but anticipating that the question as to whether evidence of Grider's having other stolen property in possession is competent will arise at the next trial we shall look at pertinent authorities.

Dating back to 1861 in Devoto v. Commonwealth, 60 Ky. (3 Metc.) 417, we find our court declaring it was well settled that evidence tending to prove the finding in defendant's possession of stolen goods other than the particular goods he was charged with receiving was admissible for the purpose of showing his guilty knowledge that the particular goods were stolen. In Duke v. Commonwealth, 255 Ky. 403, 74 S.W.2d 471 (1934), the accusation was that of receiving stolen property. It was held that " * * * evidence that other goods than those charged in the indictment were found in accused's possession at the same time as those set out in the indictment is admissible to establish guilty knowledge and as a part of the res gestae * * *" (citing Commonwealth v. McGarvey, 158 Ky. 570, 165 S.W. 973 (1914)). This view is upheld in 45 Am.Jur., Receiving Stolen Property, section 19, where it is said, pages 406, 407:

> "By virtue of such exceptions, evidence of other similar transactions, even though tending to show guilt of other crimes, is admissible in proper cases for the purpose of proving the identity of the accused as the guilty person, the guilty knowledge or intent of the accused requisite to commission of the offense charged, motive, or the existence of a criminal scheme or systematic plan embracing the commission of such offense as well as another or others."

The view is in accord with the general rule stated in 105 A.L.R. 1289.

It is our conclusion that on the next trial evidence of other items in possession of Grider will be admissible, with proper admonition, provided they are adequately shown to have been stolen property.

The judgment is reversed.

STEINFELD, C. J., and MILLIKEN, OSBORNE and REED, JJ., concur.

PALMORE, J., not sitting.