RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0776-MR

PATRICK ORMOND                                          APPELLANT

           APPEAL FROM GALLATIN CIRCUIT COURT
v.           HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
           ACTION NO. 21-CR-00150

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: This is a criminal appeal. Appellant was convicted of receiving stolen property and possession of a handgun by a convicted felon and was sentenced to fifteen-years' imprisonment. He appeals as a matter of right. After our review, we affirm.

In 2021, a Mr. Ramos purchased a skid steer from the Appellant, Patrick Ormond (Ormond). The skid steer, as well as a trailer, had been reported stolen by Gavin Hinds. Ramos subsequently posted the skid steer for sale online.

Hinds, who had been searching online for his stolen equipment, discovered Ramos's post. Ultimately, a sting operation was set up for Ramos to meet Ormond at a gas station in Sparta, Kentucky, to buy another skid steer, as well as a stump grinder and a trailer.[1]

On February 19, 2021, Deputy Wilson was stationed on I-71 and was instructed to be on the lookout for a white pick-up truck pulling a trailer and equipment. Deputy Wilson initiated a traffic stop after he saw the suspect vehicle. He was joined by Deputy Sizemore, who took charge of the scene.

Deputy Sizemore approached the driver's side of the vehicle that Ormond was driving. Ormond's friend, Sean Stevenson, was in the passenger seat. When he asked Ormond and Stevenson to step out of the vehicle, Deputy Sizemore detected the smell of marijuana and conducted a search of the interior of the truck. Deputy Sizemore testified at trial that he found a Glock .45 handgun inside the glove compartment. He also found marijuana in the door compartments and center console.

Deputy Sizemore verified that the serial number on the trailer matched that of the one that Hinds had reported as stolen. On the trailer were a mini skid steer and a stump grinder. Neither piece of equipment belonged to Hinds, but he posted photos of them to Facebook to see if anyone else was missing them.

---

[1] Ramos was not charged.

Ultimately, it was determined that the skid steer and grinder belonged to Josh Cutler, who owns a tree cutting business. After being contacted by Hinds, Cutler discovered that his equipment was missing and reported it stolen.

On September 9, 2021, a Gallatin County Grand Jury indicted Ormond for one count of Receiving Stolen Property Value $500.00 or More, but Less than $10,000.00, in violation of KRS[2] 514.110, charging that on February 19, 2021, Ormond "received, retained or disposed of the moveable property of Gavin Hinds . . . knowing it to be stolen, namely a trailer." The Grand Jury also indicted Ormond for one count of Possession of a Firearm by a Convicted Felon in violation of KRS 527.040. The trial court subsequently granted the Commonwealth's motion to amend the indictment to possession of a handgun by a convicted felon. [3]

Following a trifurcated trial on April 28, 2022, the jury convicted Ormond of receiving stolen property (over $500) and possession of a handgun by a convicted felon. The trial court sentenced Ormond to fifteen-years' imprisonment in accordance with the jury's recommendation of five years on the stolen property

---

[2] Kentucky Revised Statutes.

[3] Ormond was also indicted for one count of possession of marijuana; one count of possession of drug paraphernalia; first offense. Those charges were subsequently dismissed upon the Commonwealth's motion.

charge and ten years on the possession of the handgun charge -- to run consecutively.

On appeal, Ormond has raised seven issues:

## I.

Ormond first argues that the trial court committed reversible error when it allowed the Commonwealth to amend the indictment without presentation to the Grand Jury.

RCr[4] 6.16 provides as follows:

> The court may permit an indictment, information, complaint or citation to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. If justice requires, however, the court shall grant the defendant a continuance when such an amendment is permitted.

On April 19, 2022, Ormond filed a motion *in limine* to prohibit the Commonwealth from using the word "handgun" at trial because the indictment had mentioned only a "firearm." On April 20, 2022, the Commonwealth filed a motion to amend Count IV of the indictment to possession of a handgun by a convicted felon. On April 21, 2022, Ormond filed a response and argued that it would be

---

[4] Kentucky Rules of Criminal Procedure.

prejudicial to now require him to elicit proof that the firearm was not a handgun[5]

so close to trial. Following a hearing, the trial court concluded that possession of a

handgun was not a different offense and granted the motion to amend.

The standard of our review is abuse of discretion. *Herp v.*

*Commonwealth*, 491 S.W.3d 507, 510 (Ky. 2016). We find none. Ormond was

indicted pursuant to KRS 527.040 for possession of a firearm. The

Commonwealth explains there is not a separate statute for possession of a handgun.

As summarized by another panel of this Court,

> Kentucky Revised Statutes (KRS) 527.040 criminalizes
> the possession of a firearm by a convicted felon. If the
> firearm is a handgun, the punishment is enhanced to a
> Class C felony from a Class D felony. A firearm is
> defined in KRS 527.010(4) as "any weapon which will
> expel a projectile by the action of an explosive," and
> KRS 527.010(5) defines handgun as a "pistol or revolver
> originally designed to be fired by the use of a single
> hand, or any firearm originally designed to be fired by
> the use of a single hand."

*Quarles v. Commonwealth*, No. 2020-CA-0318-MR, 2021 WL 4126865, at *1, n.1

(Ky. App. Sep. 10, 2021).[6] *See Higgs v. Commonwealth*, 2016-CA-001487-MR,

2019 WL 3763544 (Ky. App. Aug. 9, 2019), discussing the distinction between a

---

[5] A handgun is defined in KRS 527.010(5) as "any pistol or revolver originally designed to be fired by the use of a single hand, or any other firearm originally designed to be fired by the use of a single hand."

[6] An unpublished opinion may be considered as permitted by Kentucky Rules of Appellate Procedure (RAP) 41.

firearm and handgun: "possession [of] a firearm by a convicted felon is complete when a convicted felon possesses a firearm. . . . The distinction of a handgun from other firearms is only an element for purposes of enhancement of the punishment, not the crime." *Id.* at \*3 (internal quotation marks and citation omitted).

Although Ormond claims that permitting the amendment just days before trial prejudiced him, he did not request a continuance as permitted by RCr 6.16. "Appellee never requested the remedy prescribed in RCr 6.16, which was a continuance. . . . [T]hus, any claim that Appellee was prejudiced by the lack thereof was waived." *Commonwealth v. McKenzie*, 214 S.W.3d 306, 308-09 (Ky. 2007). Waived errors are not subject to appellate review. *Mullins v. Commonwealth*, 350 S.W.3d 434, 439 (Ky. 2011).

## II.

Next, Ormond argues that the trial court erred by failing to direct a verdict of acquittal because there was insufficient evidence to prove the charge of possession of a handgun.

Ormond contends that the Commonwealth failed to prove the required element that the gun he was alleged to have possessed was a handgun as defined in the instructions. However, the issue is unpreserved. As Ormond explains, defense counsel made an oral motion for directed verdict at close of the case in chief and filed written motions for directed verdict and judgment of acquittal or new trial --

-6-

but on grounds different from those he now raises. "The failure to identify a particular ground in a motion for directed verdict forecloses appellate review of the trial court's denial of the motion except to the extent that palpable error is shown." *Murphy v. Commonwealth*, 509 S.W.3d 34, 42 (Ky. 2017).

> Under [the palpable error] rule, an error is reversible only if a manifest injustice has resulted from the error. That means that if, upon consideration of the whole case, a substantial possibility does not exist that the result would have been different, the error will be deemed nonprejudicial.

*Graves v. Commonwealth*, 17 S.W.3d 858, 864 (Ky. 2000).

Ormond explains that the firearm was not shown to the jury. The Commonwealth presented a photograph to Deputy Sizemore who testified that it was the handgun he located. He read the serial number. But the photograph was not published to the jury. The Commonwealth notes that the photograph was marked as Commonwealth's Exhibit "2," but it was not "formally admitted" into evidence. Ormond claims that there was **no evidence** from which the jury could determine that the firearm was a handgun other than Deputy Sizemore's conclusory statements. However, Ormond did not object to Deputy Sizemore's testimony at trial.

Ormond argues that Deputy Sizemore's testimony improperly "invaded the province of the jury by going to the ultimate issue as to whether the firearm possessed by the defendant was a handgun." Ormond cites *Hall v.*

-7-

*Commonwealth*, 862 S.W.2d 321, 322 (Ky. 1993), for "[t]he general rule . . . that [for opinion evidence] to be admissible, [it] must not decide an ultimate issue of fact." However, our Supreme Court abandoned the "ultimate issue" rule in *Stringer v. Commonwealth*, 956 S.W.2d 883 (Ky. 1997). Additionally, both *Hall* and *Stringer* involved expert testimony. Ormond does not contend that Deputy Sizemore was testifying as an expert. Our rules of evidence discuss the parameters of expert *versus* non-expert or lay opinion testimony.

"KRE[7] 701 . . . permits a nonexpert witness to [] express an opinion which is rationally based on the perception of the witness and is helpful to a determination of a fact in issue." *Hampton v. Commonwealth*, 133 S.W.3d 438, 440 (Ky. 2004). "[L]aw enforcement officers may provide lay opinion testimony as to their experience-based interpretations of certain facts which they personally observed." *Carson v. Commonwealth*, 621 S.W.3d 443, 447 (Ky. 2021) (footnotes omitted).

We are satisfied that the jury was free to believe Deputy Sizemore's testimony that when he conducted a search of the subject vehicle, he found a .45 caliber Glock handgun in the glove compartment. The trial court did not commit any error -- much less palpable error -- in denying Ormond's motion for directed verdict on this basis.

---

[7] Kentucky Rules of Evidence.

## III.

Ormond's third argument is that the trial court erred when it instructed the jury on the presumption of knowledge of recently stolen property. The presumption is contained in KRS 514.110(2), which provides that: "The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen." The court read and submitted the following instruction to the jury:

### INSTRUCTION NO. 5

The possession by any person of any recently stolen property shall be prima facie evidence that the person knew such property was stolen.

On appeal, Ormond argues that this instruction invaded the province of the jury and impermissibly shifted the burden of proof to the defense. However, once again, Ormond did not present that argument to the trial court.

On the morning of trial, the parties discussed jury instructions. With respect to the presumption in the statute regarding recently stolen property, the trial court explained that the Commonwealth's attorney had proposed that instruction. The court was not sure if defense counsel had seen it and asked, "What's your position on that?" Defense counsel responded, "I did notice that that had been added in. Of course we would prefer it not be in there, but I don't have a legal argument to make to keep it out."

-9-

"[A] party may not acquiesce in a jury instruction and then complain about it on appeal." *Sufix, U.S.A., Inc. v. Cook*, 128 S.W.3d 838, 843 (Ky. App. 2004).

> RCr 9.54(2) provides that:
>
> No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.

In *Martin v. Commonwealth*, 409 S.W.3d 340, 346 (Ky. 2013), our Supreme Court explained that where, as here, "the allegation of instructional error is that a particular instruction . . . should not have been given but was given, RCr 9.54 operates as a bar to appellate review unless the issue was fairly and adequately presented to the trial court for its initial consideration." Defense counsel merely expressed a generalized preference against the wording without raising a formal objection -- indeed, even acknowledging that he had lacked a legal basis for an objection. Accordingly, RCr 9.54(2) precludes our review.

**IV.**

Ormond's fourth argument is that the trial court erred by allowing introduction of evidence of unindicted charges of receiving stolen property and other character and bad acts evidence under KRE 404.

-10-

On April 21, 2022, the Commonwealth filed notice of intent to admit prior bad acts pursuant to KRE 404(b). The Commonwealth sought to elicit testimony from Cutler about Ormond's arrest in 2017 for trying to sell Cutler's stolen chainsaws **back to him** after posting them for sale online -- as well as testimony from Ramos that Ormond had sold stolen property to him on Facebook Marketplace. On April 21, 2022, Ormond filed a response objecting to this evidence.

The matter was heard on April 22, 2022. A lengthy discussion ensued regarding the fact that the indictment on the receiving stolen property charge pertained only to the trailer. The trial court was clear that it would find any attempt to amend that indictment "problematic." The Commonwealth explained that it had no intention to do so -- but that it was always the Commonwealth's "intention that those three pieces of equipment were stolen" -- the trailer, the skid steer, and the stump grinder. The trial court thought the Commonwealth would likely be free to present that proof to the jury. The trial court noted that they had deviated on a tangent from the 404(b) issue and stated that "there's no dispute that these items were all together on that day. It's just the fact that the indictment names one."

With regard to proof of other bad acts, the trial court explained that "knowledge of whether or not something is stolen is a key element" of the

Commonwealth's proof.[8]  The trial court thought that **knowledge** was appropriate

under KRE 404(b).  While noting that "acts in conformity with character" are

absolutely prohibited, the court explained that the question is whether the evidence

is ***unduly*** prejudicial:  "but when there is something that is . . . a serious element of

proof, " does the probative value outweigh it?  The court reasoned that "when

you're talking about knowledge in a receiving charge," that would probably pass

KRE 403[9] under the court's analysis.  For that strictly limited purpose, the trial

court granted the Commonwealth's motion and cautioned it not to abuse the ruling.

By written Order entered on April 28, 2022, the trial court "for the reasons

articulated from the Bench, overruled Ormond's objection to the Commonwealth's

notice of intent to admit prior bad acts pursuant to KRE 404."

KRE 404(b) provides as follows:

> **Evidence of other crimes, wrongs, or acts** is not
> admissible to prove the character of a person in order to
> show action in conformity therewith.  It **may, however,
> be admissible**:
>
> > (1) **If offered for some other purpose, such as proof
> > of** motive, opportunity, intent, preparation, plan,

---

[8] KRS 514.110(1) provides as follows:  "A person is guilty of receiving stolen property when he or she receives, retains, or disposes of movable property of another knowing that it has been stolen, or having reason to believe that it has been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner."

[9] KRE 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

**knowledge**, identity, or absence of mistake or accident; or

(2) If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party.

(Emphases added.)

Our Supreme Court "has instituted a three-part inquiry for assessing the admissibility of prior bad acts evidence under KRE 404(b), which includes examining the relevance, probativeness, and prejudice associated with the prior crime." *Benjamin v. Commonwealth*, 266 S.W.3d 775, 791 (Ky. 2008). The standard of our review is abuse of discretion. *Id.*

Ormond contends that the trial court's analysis was flawed because Cutler was not the victim of the alleged crime.[10] We do not agree. In *Grider v. Commonwealth*, 479 S.W.2d 11 (Ky. 1972),[11] the Court examined pertinent

---

[10] Ormond explains that the Commonwealth did not produce Ramos at trial but elicited testimony that he had previously purchased items identified as having been stolen from Ormond. Further, he notes that evidence of the prior theft charge relating to Cutler's property was introduced through Cutler's testimony.

[11] In *Grider*, the defendant was convicted of receiving stolen property under the former KRS 433.290. "The gravamen of the offense is knowledge that the goods were stolen." 479 S.W.2d at 13. Although Grider's conviction was reversed because of a defective jury instruction, the Court held that "on the next trial evidence of other items in possession of Grider will be admissible, with proper admonition, provided they are adequately shown to have been stolen property." *Id.* at 14.

-13-

authority on the issue of whether it was improper to permit evidence of having received stolen property other that described in the indictment:

> Dating back to 1861 in *Devoto v. Commonwealth*, 60 Ky. (3 Metc.) 417, we find our court declaring it was well settled that defendant's possession of stolen goods . . . other than the particular goods he was charged with receiving was admissible for the purpose of showing his guilty knowledge that the particular goods were stolen. In *Duke v. Commonwealth*, 255 Ky. 403, 74 S.W.2d 471 (1934), the accusation was that of receiving stolen property. It was held that '* * * evidence that other goods than those charged in the indictment were found in accused's possession at the same time as those set out in the indictment is admissible to establish guilty knowledge and as a part of the res gestae * * *' (citing *Commonwealth v. McGarvey*, 158 Ky. 570, 165 S.W. 973 (1914)).

*Id.* at 14.

We are satisfied from our review of the record that the trial court meticulously and correctly analyzed the admissibility of the 404(b) evidence. We find no abuse of discretion. We also agree with the Commonwealth that even if there were arguably any error, it was harmless in light of the testimony of Deputy Sizemore and of Gavin Hinds. RCr 9.24.

## V.

Ormond's fifth argument is that the trial court erred by failing to admonish the jury as to the limited admissibility of the KRE 404(b) evidence. Ormond contends that having allowed that evidence to go to the jury, the court was

-14-

required to give a limiting instruction. However, he does not state where counsel requested one. We agree with the Commonwealth that the issue is waived.

> Trial counsel knows best whether a limiting instruction will be beneficial . . . . Kentucky precedent leaves that important judgment call squarely within the trial counsel's sound discretion by recognizing the concept of waiver. If a limiting instruction is advisable, trial counsel is now well-informed of the requirement to ask for one.

*Quisenberry v. Commonwealth*, 336 S.W.3d 19, 30 (Ky. 2011).

## VI.

Sixth, Ormond argues that the trial court erred by presenting jury instructions related to Josh Cutler (Instruction No. 7). Ormond concedes that counsel did not specifically object to this instruction. We conclude that RCr 9.54(2) precludes our review for the same reasons discussed above. *Martin*, *supra*.

## VII.

Ormond's final argument is that cumulative errors made the trial fundamentally unfair. We disagree. A combination of non-errors does not require reversal and serves as no logical or legal basis for such a contention. *Bowling v. Commonwealth*, 981 S.W.2d 545, 552 (Ky. 1998).

We affirm the judgment of the Gallatin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Dailey
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pike
Assistant Attorney General
Frankfort, Kentucky